(58 South. 564.)

No. 19,319.

LEVY v. DEPOSITO.

(May 6, 1912.)

*(Syllabus by the Court.)*

APPEAL AND ERROR (§ 1177*) — REMAND — NEW TRIAL.

A cause will be remanded where material evidence, readily procurable, has been inadvertently omitted, and justice to all parties requires a trial de novo.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4597–4604, 4606–4610; Dec. Dig. § 1177.*]

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Action by Maurice Levy against Jennie Deposito to foreclose a mortgage indorsed by defendant. Jacob Nienaber filed third opposition. From the judgment Levy appeals. Reversed and remanded.

Benjamin R. Forman, for appellant. Dart, Kernan & Dart, for third opponent.

LAND, J. Plaintiff sued out executory process on a mortgage note for $3,050, of date August 31, 1907, made and indorsed by the defendant. The mortgage was granted on two certain lots of ground in the city of New Orleans, with the buildings and improvements thereon. The certificate of mortgages showed that the only prior incumbrance on the property was a mortgage and vendor's privilege to secure a note for $3,700 held by the Suburban Building & Loan Association. This note was surrendered and canceled at the time of the execution of the said mortgage of date August 31, 1907.

The mortgaged premises were duly advertised and sold by the sheriff for the sum of $3,475 in cash.

Jacob Nienaber filed a third opposition, claiming to be paid by preference out of the proceeds of sale as the owner and holder of a certain mortgage note for $1,800 of date July 16, 1902, signed by George R. Raine, and assumed by defendant on August 16, 1902, in a certain act of sale of the same premises seized and sold under the executory process in question. Opponent represented that in June, 1911, the Court of Appeal rendered judgment in his favor against Mrs. Jennie Deposito for the principal of said note, with 8 per cent. interest thereon from July 17, 1907, and 10 per cent. attorney fees, and recognizing his mortgage and privilege on the premises. Opponent alleged that his note and mortgage was prior in date and rank to the mortgage held by Maurice Levy, and that he was entitled to be paid by preference out of the proceeds of the sale of the premises.

Opponent prayed that the civil sheriff be ordered to hold in his possession from the proceeds resulting from the sale herein a sum equal to the full amount of principal, interest, attorney fees, and costs until the further orders of court.

The order directed the sheriff to hold from the proceeds to be realized from the sale of the property a sum equal to the full amount of Jacob Nienaber's writ, principal, interest, attorney's fees, and costs.

Maurice Levy excepted to the petition and order, because it disclosed no cause of action, set up a claim for no specific sum, and prayed for judgment against nobody, and prayed that the opposition be dismissed and the order rescinded.

Reserving the benefit of his exception, Maurice Levy answered, denying all the allegations of the opposition, and specially that the opponent acquired any valid note

before maturity for valuable consideration, and that he is the owner of a mortgage superior in rank to the, mortgage foreclosed by respondent, who, further answering, averred that the note, if any, held by opponent was a forgery, and was not assumed by Mrs. Deposito, and that she paid the amount of the mortgage which she had assumed into the hands of a certain notary who had possession of the genuine note, and into the hands of the holder of the same, and that said notary thereupon canceled the said note for $1,800, and issued a certificate to the recorder of mortgages, who thereupon canceled the inscription of the mortgage, and thereafter the mortgage foreclosed upon was executed on the faith of a certificate from the recorder of mortgages, showing the property to be free of all incumbrances.

Respondent, further answering, prayed that the demand of the opponent be rejected, and that the sheriff be ordered to pay respondent the sum of $3,252.90, with legal interest thereon from date the money was placed in his hands, for costs and general relief, and that the opponent be condemned to pay 10 per cent. damages as attorney fees for wrongfully enjoining the payment of the money, and 5 per cent. interest on said sum of $3,252.90 from the date of the injunction.

By supplemental answer the plaintiff prayed to be reimbursed certain taxes paid on the premises, with interest thereon.

Opponent filed a supplemental petition, alleging that the judgment of the Court of Appeal referred to in his original petition had become final, and that by said judgment opponent had been declared to be the owner and holder of the note for $1,800, with interest and attorney fees, secured by vendor's lien and mortgage on the premises sold under the executory process herein, and that opponent is entitled to be paid by preference out of the proceeds of the sale of the prop-

erty in the hands of the sheriff; and praying for judgment accordingly.

Plaintiff pleaded the prescription of five years against the note held by opponent, and averred that the mortgage had been extinguished with the note.

The case was tried, and there was judgment in favor of the third opponent, Jacob Nienaber; and plaintiff has appealed.

On the trial the opponent-proved that the note declared upon in his opposition was signed and indorsed by George R. Raine on July 16, 1902, and was paraphed on the same day by Robt. J. Maloney, notary. But opponent failed to produce an act of sale and mortgage of the same date; and also failed to prove that Mrs. Deposito assumed the payment of said note on August 16, 1902, as alleged. Opponent offered in evidence. an original act of sale, before Maloney, notary, from Mrs. Deposito to George R. Raine, of date July 24, 1902, and filed a certified copy of said act of sale for convenience. Objection was made on the ground of variance between the act, the note, and the date of the paraph. The court ruled that the objection went to the effect. The act purported to be dated July 24, 1902, and recited that the purchaser had given his note for $1,800, to his own order and by him indorsed, of date July 16, 1902, which note, having been paraphed by the notary, was delivered to the vendor. The note produced by, the opponent was paraphed by the same notary on July 16, 1902. The evidence renders it probable that the act of sale bearing date July 24, 1902, was drafted on July 16, 1902, and that the date was changed to July 24th to correspond· with the date of the alienation certificate. No evidence was offered to prove the recordation of this act of sale in the mortgage office. Opponent next offered the original act of sale, before Maloney, notary, from George R. Raine to Mrs. Deposito of date August 6, 1902, to prove the alleged as-

sumpsit by her of the note for $1,800 dated July 16, 1902. Plaintiff offered the book of the recorder of mortgages, No. 722, folio 679, to show that the act referred to a note dated July 24, 1902. We can find no transcript of folio 579 in the record. The original act showed the assumpsit of a note for $1,800 of date July 24, 1902.

Opponent does not allege the inscription in the mortgage book of said acts of sale, and we find no proper evidence of their inscription as required by law. In the parish of Orleans, acts of sale and mortgage are not inscribed in full, but it suffices to record abstracts thereof. Hence a copy of the abstract as recorded is the only legal evidence of the inscription of a mortgage.

The exceptions filed by the plaintiff were not disposed of in the court below, and seem to have been abandoned.

We note that the opponent did not testify on the trial of the case. It may become important for the opponent to prove when and how he acquired the note in question, as there is in the record evidence tending to show that the note was held by Maloney, the notary, and payment was made to him.

We think that justice to all parties requires the remanding of the case.

It is therefore ordered that the judgment below be reversed, and it is now ordered that this cause be remanded for further proceedings according to law.