Court of Appeal
PARISH OF ORLEANS
*[illegible handwritten stamp]*

NO. 8829

COURT OF APPEAL

PARISH OF ORLEANS.

8829 (4)

——

WILLIAM BURDON and CORNELIA BURDON

versus

WEST NEW ORLEANS LIGHT & TRACTION

COMPANY, and SOUTHERN COTTON OIL CO.

——

Dinkelspiel; J.

This is the second appeal of the Southern Cotton Oil Company, in the above case in this Court.

In the first case between the same parties, together with the West New Orleans Light & Traction Company, another defendant in this case, we decided:

"Maintaining an exception of no cause of action based merely on defective pleadings, and not going to the merits of the controversy, does not form the basis of res adjudicata."

14 Court of Appeal, page 310.

Illinois Central R. R. C. vs. N. O. Terminal Co. 143 La. 567.

Exceptions of no cause of action if not passed on in the lower court will not be considered by the appellate court.

Gaudin vs. B. M. R. A. 140 La. 674.

Cunningham vs. Penn Bridge Co. 130 La. 196.

8366 Court of Appeal.

Ifxthexaxourt

The allegations of plaintiff's petition substantially charge that defendants, Southern Cotton Oil Company, were indebted to them for this:

That plaintiffs were the parents of Simon Burdon and that his injury, suffering and death were caused by certain acts, carelessness and negligence on the part of defendants, and it is also alleged that by reason of their loss, the parents were entitled to damages, and that they acquired their right of action by the death of their son resulting from the said injury.

To this petition defendants filed exceptions of no cause of right of action, which was maintained by the Judge of the Court aquo, and kixx his reasons for judgment were as follows:

Plaintiffs allege that as father and mother of the deceased, Simon Burdon, they succeeded to his right of action whereas the law provides that such right of action is given to the father and mother in default and to them only in de-

186

fault of widow and minor children.

The exceptions were maintained and plaintiffs' suit dismissed.

In a recent case, William Brewer et al versus New Orleans Land Company, No. 8166 of the docket of this Court, we held, quoting C. P. 906:

"If the court shall think it not possible to pronounce definitely on the case in the state in which it is, either because the parties have failed to produce the necessary testimony, or because inferior court refused to receive it, or otherwise, it may according to circumstances remand the case to the lower court with instructions as to the testimony which it shall receive to the end that it may decide according to law."

It has been held that a case will be remanded when a party to the suit through oversight or otherwise has omitted to introduce and file necessary evidence in his possession:

1st La. Digest, 437, 715, 729.

130 La. 765; 138 La. 829; 51st Ann. 1133.

When the record of a suit discloses enough to satisfy the court that the whole story of the case is not told, that essential facts have not been given in evidence, and important documents have been omitted, and that substantial justice cannot be done between the parties in the state of the record as filed, the court will in its discretion in the interest of justice, remand the case.

Snyder vs. Aetner Life Insurance Co. 30th An. 1198.

On exception of no cause of action the allegations of the petition are to be taken as true. If, on the assumption that on the trial of the case plaintiff has established all the allegations of his petition by proof, and application of the law invoked by him to those facts would entitle him to a judgment, it cannot be said that his petition discloses no cause of action, though it be faulty for vagueness.

Goldsmith vs. Virgin, 123 La. 831.

187

We are therefore of the opinion that the court erred in its judgment dismissing this suit.

For the reasons assigned, it is ordered, adjudged and decreed, that the judgment of the court aquo be reversed and avoided, and this case remanded *with leave to amend* to the court of the first instance, in order ~~the~~ to hear and determine the case upon its merits, ~~taxardaxxta~~ the costs of appeal to be borne by the defendant, the Southern Cotton Oil Company, and all the other costs to await the final decision of this suit.

—Judgment reversed and remanded.