No. 1616.—Succession of MRS. MARIE EPICHARIS DE ROFFIGNAC, Widow of THEODORE DE GREHAN.

If the succession be accepted with benefit of inventory no part of it goes into the possession of the heirs as such until the estate shall have been administered, and until such administration the estate must remain under the authority of the Court of Probates where it was opened.

Real property situated in Louisiana, owned by a French subject residing in France, can not be administered in the courts of France; such property thus situated forms a separate succession from that in France, and must be administered according to the laws of Louisiana.

Heirs residing in France must be recognized as such by the courts of Louisiana before they can be put in possession of property situated in this State, which they have inherited from their ancestor in France.

APPEAL from the Second District Court of New Orleans. *Thomas, J. Martin Blanche*, for appellant, *D. Augustine*, for appellee.

LUDELING, C. J. On the seventeenth of May, 1867, L. G. Luminais, administrator of L. F. Maxen, filed a petition in the Second District Court of New Orleans, alleging that the widow Marie E. de Gréhan died in France on the twentieth of December, 1864, leaving two children, one of age and the other a minor, her sole heirs, and that the succession consists of real property situated in the city of New Orleans.

He alleges that he is a creditor of the succession. He further alleges that the minor heir had been emancipated in France, and he was represented by a curator *ad hoc;* that D. Augustin, Esq., of New Orleans, was the lawful attorney in fact of the curator *ad hoc* and of the heir of age, and he prayed that the heirs be cited, through their agent, to appear and declare if they accepted or renounced the succession of their mother; and he prays that the succession be administered according to law.

The defendants, through their agent and attorney, filed an exception to the jurisdiction of the court, on the ground that the successsion *has been opened and finally settled by the judicial authority of Angouleme, France, and they,* the heirs, *have been put in possession of the property of the deceased,* situated in France and *Louisiana,* that they *have accepted the said property* and have been in possession of the property in New Orleans several years, and that the Probate Court is without jurisdiction.

The District Court maintained the exception to the jurisdiction of the court, and the plaintiff has appealed.

The judicial proceedings in France in the succession of the widow de Gréhan show that both heirs accepted the succession of their mother with the benefit of inventory. So that even if the proceedings in the French tribunals could affect the property in Louisiana the plaintiff was sustained by the textual provisions of the Civil Code and Code of Practice in his proceedings before the Second District Court of New Orleans. C. C. articles 1029, 1034, 1030, 1040, 1051; C. P. articles 979, 976, 977, 983 and 924.

If the heirs *are of age* and they accept the succession *unconditionally,* they must be put in possession of the property of the deceased, and they may be sued in *the ordinary courts* for their virile portion of the debts. If the succession be accepted with the benefit of inventory, no part of it goes into the possession of the heirs as such, until the estate shall have been administered. And until such administration the estate must remain under the authority and control of the Court of Probates where it was opened.

But it is an error to suppose that real property, situated in Louisiana, can be administered in the courts of France. The property of the deceased, situated in Louisiana, is a separate succession from that in France and must be administered according to the laws of Louisiana. 1 R. 263; 14 An. 633; 9 R. 438. Until this suit was instituted the heirship of the defendants had not been established and recognized in Louisiana, and the plaintiff was justified in the course he took to provoke the appointment of an administrator unless the heirs would accept unconditionally their mother's succession.

The exception should have been overruled. But the defendants in their exception as well as in a document subsequently filed in this case,

declared that they had accepted the succession, and the evidence in this record establishes their heirship, and that they are now both of age.

"If the heir thus cited declares that he accepts, he shall be considered as having accepted the succession purely and unconditionally, and may be sued as if he had done so." Article 980 C. P.

The object of the plaintiff's suit was thus attained.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be avoided and reversed; that Arthur de Gréhan and George de Gréhan be recognized as the heirs at law of Mrs. M. E. de Gréhan, and that they pay the costs in both courts.