No. 125.—CORNELIA HART, Tutrix, *v.* HOSS AND ELDER, Administrators.

*All successions shall be opened and settled in the parish courts. Constitution, article 87. Therefore, the district court is without jurisdiction* ratione materiæ *to entertain a cause purely probate in its character, such as the present, having for its object the recognition of the heirs, and establishing their rights, judicially, to the succession. All actions of this character must be brought in the parish courts. 21 An. 364.*

APPEAL from the District Court, parish of Caddo. *Levisee,* J. *Land & Taylor,* for plaintiff and appellant. *Egan, Williamson & Wise,* for defendant and appellee.

LUDELING, C. J. The plaintiff, alleging herself to be the lawful wife of E. C. Hart, deceased, whose estate is represented by defendants, sues, as natural tutrix of her minor children, issue of her marriage with him, to have the said children recognized as the legal and forced heirs of the deceased.

One of the defendants excepted to the jurisdiction of the district court, *ratione materiæ.* There was judgment sustaining the exception, and the plaintiff has appealed.

The sole object of this writ is the recognition of heirs. The proceeding is purely probate in its nature. C. P. art. 1000, 1001, 1002 and 1003. 21 An. 364, Succession of Ruffingnac.

The constitution provides that "*in probate matters,* when the amount in dispute shall exceed five hundred dollars, exclusive of interest, the appeal shall be directly from the parish to the Supreme Court." Article 88, Constitution. It follows, therefore, that, in probate matters, the parish courts may entertain suits where amounts exceed five hundred dollars. It is when there exists a contest between a succession on one side, either as plaintiff or defendant, and another party, that

the amount determines the jurisdiction. Litigation arising inside of a succession—that is, proceedings properly probate in their nature, and which must be determined in order to finally settle the succession, are properly cognizable in the parish courts. "All successions shall be opened and *settled* in the parish courts." Article 87, Constitution.

Here the plaintiff claims to be recognized as the forced heirs; they do not claim anything *against the succession*, but they claim by virtue of the succession. "Succession is the transmission of the rights and obligations of the deceased to the heirs." C. C. 867.

We think the exception was properly sustained. 22 An., Paul O. Hebert, tutor, *v.* Winn et. al.

It is therefore ordered that the judgment of the district court be affirmed, with costs of appeal.