No. 4360.

### B. A. MALONE v. LAWRENCE CASEY et als.

The Parish Court has jurisdiction of suits for the recognition of heirship and for the partition of succession property, and where the amount involved exceeds five hundred dollars, the appeal is directly to this court.

Where in a suit instituted for partition by plaintiff against her coheirs, a curator ad hoc was appointed, on the prayer of the plaintiff, to one of said heirs who was a minor, the appointment was erroneous.

APPEAL from the Parish Court of Jefferson. *Keon, J. W. W. Edwards*, for plaintiff and appellant. *R. L. Preston*, for defendants and appellees.

ON MOTION TO DISMISS THE APPEAL.

HOWELL, J. A motion is made to dismiss this appeal on the ground that "if the Parish Court, from whence this appeal has been taken,. was vested with jurisdiction of the cause, which is excepted to, then the appeal should be from that court to the district court of the judicial district, and this court has no appellate jurisdiction herein."

This proposition is not true. The parish court has jurisdiction of suits for the recognition of heirship and the partition of succession property, as this is, and when the amount involved exceeds five hundred dollars, the appeal is directly to this court. Const., art. 88 ; C. P. 1022.

Motion overruled.

Malone v. Casey et als.

## ON THE EXCEPTIONS AND MERITS.

TALIAFERRO, J. The plaintiff, claiming to be an heir of Mary Casey, deceased, instituted an action of partition against her coheirs to have the succession property of the decedent's estate partitioned. One of the heirs being a minor, the plaintiff prayed for the appointment of a curator *ad hoc* to represent the minor in the partition proceedings, and the appointment was made as prayed for. The defendants excepted to the jurisdiction of the parish court, and also to the appointment of a curator *ad hoc* to represent the minor. These exceptions were adopted by the curator *ad hoc*, and they were sustained by the court, and the suit dismissed. The plaintiff has appealed.

The appointment of a curator *ad hoc* to represent the minor was erroneous, and to that extent the exception should be sustained; but as to the jurisdiction, it should be overruled. The Court of Probates has jurisdiction "in partitions of successions, where minors, interdicted or absent persons are interested." C. P., art. 924, sec. 14.

So far as we can learn from a rather scant record, it would appear that the proceedings in this case have been irregular. The succession can only be accepted on behalf of the minor with benefit of inventory, and it appears he is without a tutor. The succession is without a representative, and the minor's interest therein not ascertained and secured. Under this state of facts, we deem it best to remand the case for further proceedings.

It is therefore ordered and adjudged that the judgment of the Parish Court, so far as it sustains the exception to the appointment of a curator *ad hoc* to represent the minor be affirmed; but in all other respects it be annulled and reversed. It is further ordered that this case be remanded to the court of the first instance, to be proceeded with according to law, the defendants and appellees paying costs of this appeal.