### No. 10,379.

### THE STATE OF LOUISIANA VS. FRANK REED.

1. A person indicted for crime cannot, validly, plead, or be tried, or convicted, or sentenced, while in a state of insanity, although his mental derangement may only have supervened since the date of the crime charged.

2. The objection of present insanity may be made at any stage of the proceedings. It

requires no special or formal plea, but may be adequately presented orally, or the court may itself suggest and act upon it on its own observation.

3. Whenever and however presented, evidence, if offered, must be received and the issue must, in some way, be determined.

4. As to the mode of determining it, some discretion is left to the judge, according to the time and circumstances under which the objection is made,

5. When raised during the progress of the trial, the better course seems to be to submit the special issue. with the general issue, to the jury ; but whatever be the judge's discretion on this point, it is error to refuse to entertain the objection, or to receive evidence, or to determine it in any way.

6. When a witness, properly introduced to impeach the reputation for virtue and chastity of the prosecutrix in a rape case, has stated positively that he knew her general reputation, his competency is not destroyed, because, on cross-examination as to the nature of his knowledge, he states that he has heard, ten, fifteen, or twenty persons speak of her character in that respect, and say that it was bad. Knowledge of reputation is derived from what one person has heard from others; and its generality is sufficiently sustained when the witness has heard a considerable number of persons speak of it and when they all concur.

APPEAL from the Second District Court, Parish of Bienville. Boone, J.

Walter H. Rogers, Attorney General, for the State, Appellee.

John A. Richardson and Young, Drew & Stewart for Defendant and Appellant

The opinion of the Court was delivered by

FENNER, J.   The appeal of the defendant rests on several bills of exception and on the overruling of a motion for a new trial.

Bill No. 1 was taken to the refusal of the judge to admit testimony offered to prove the insanity of the prisoner *at the time of trial,* in absence of any plea.

There is no pretense that insanity existed at the time when the offence, for which defendant was prosecuted, was committed.   In such case, it would· have been a legal defense, and under Revised Statutes, Sec. 995, evidence thereof would have been admissible under the general plea of not guilty.   But the precise question here presented is a novel one in this State.   It is elementary that a man cannot plead, or be tried, or convicted, or sentenced, while in a state of insanity.   1 Bishop Cr. L., § 396 ; 1 Wharton Cr. L., § 53 *et seq.*; 2 Bishop Cr. Prac., § 666-668.

If insanity exist at the time of the arraignment, counsel should then make the objection, and, if sustained, the prisoner should be excused

State vs. Reed.

from pleading and the proceeding should await his recovery. If not made at arraignment, the objecton may be raised, at any time, before commencement of trial, and if sustained, the trial cannot proceed. Even though not made until the trial has begun, it is still not too late, and must be considered and determined in some way. Indeed, even after conviction, it may be opposed as a reason why sentence should not be passed.

The better opinion is that the objection requires no formal plea, but may be adequately presented orally, or the court may raise it on its own observation. Reg. vs. Southey, 4 Fost. & F., 864 ; Reg. vs. Turton, 6 Cox Cr. C., 385 ; Rex vs. Frith, 22 Howell, St. Tr., 307 ; Rex vs. Dyson, 7 Car. & P., 305.

Whenever and however raised, evidence must be received, if offered, and the issue must, in some way, be disposed of. As to the mode of disposition, it seems that much is left to the discretion of the judge. If made before trial, or after conviction, the general practice is to submit the issue to a jury impanelled for the purpose, though perhaps the judge may, in his discretion, adopt some other suitable method of ascertaining the fact.

If made during the progress of the trial, the court may let the trial proceed and submit the question of present insanity, with that of guilt or innocence, together, to the jury. Reg. vs. Southey, 4 Fost. & F., 864; Reg. vs. Berry, 12 B. D., 447.

All the foregoing propositions are sustained by Mr. Bishop in his work on Criminal Procedure, sections 666–668, with references to numerous authorities which need not be here quoted.

We consider it very clear that the counsel for defendant had the right to raise the question of their client's present sanity, without special or formal plea, and to have evidence received on the point, and to have the issue determined in some proper way. The judge's safest course would have been to have received the evidence and to have submitted this special issue to the jury with the general issse; in which case, if the jury found the defendant to be insane, it would have returned such verdict by itself without passing on the general issue; or, if it found him sane, it would proceed to pass on the general issue and return both verdicts together.

But whatever be his discretion as to the mode of determination, he undoubtedly commited error in refusing to entertain the objection, or to hear evidence thereon, or to determine it in any way.

This is sufficient to sustain a reversal and remanding; but Bills of

Exception Nos. 2 and 3 involve questions likely to arise on a new trial, and, therefore, are proper to be determined.

The trial was for rape. Two witnesses were introduced to prove the general reputation for virtue and chastity of the prosecuting witness charged to have been raped. They stated that "they knew her general reputation for virtue and chastity" when, before proceeding further, the State was allowed to intervene to test, by cross-examination, the nature of their knowledge. One stated that he heard at least ten young men and boys speak of her reputation for chastity; and the other stated that he had heard at least fifteen or twenty young men and boys say her reputation for virtue and chastity was bad. On this the judge ruled out the testimony, holding that the knowledge of the witnesses was special and not general. In this, we think the judge erred. Reputation is the general opinion of a person held by the community. A witness' knowledge of another's reputation must be derived from what he has heard others say on the subject. He is not required to have heard every member of the community express himself on the subject. If he has heard the opinion of a considerable number, and if such opinion is concurrent, that suffices. Certainly, nothing elicited from the witnesses contradicted or overthrew their first positive statement that they knew the general reputation of the prosecutrix.

It is, therefore, ordered and decreed that the verdict and sentence appealed from be annulled and set aside and that the case be remanded to the lower court to be there proceeded with according to law.