(38 South 27.)

No. 15,553.

STATE ex rel. LYONS v. CHRETIEN, Judge.

(Feb. 11, 1905.)

SUPREME COURT—JURISDICTION—APPEAL IN
CRIMINAL CASES.

The appellate jurisdiction of the Supreme Court in criminal cases is confined to final judgments. Hence, where conviction of murder and sentence of death have been affirmed on appeal, the subsequent refusal of the trial judge to appoint a commission to inquire into the defendant's then mental condition is not the subject of review, and mandamus to compel him to grant a suspensive appeal from his refusal must be denied.

(Syllabus by the Court.)

Application by the state, on the relation of Lewis W. Lyons, for writ of mandamus to F. D. Chretien, judge. Writ denied.

Joseph Edward Generelly and Warren Doyle, for relator.

LAND, J. Relator was indicted for murder, and his sole defense was insanity.

He was found guilty as charged, and, when called to the bar for sentence, his then insanity was urged as a reason why sentence should not be pronounced. The district judge thereupon appointed a commission de lunatico inquirendo, who, after a careful examination of the relator, reported to the court that he was of sound mind. The relator was sentenced to death pursuant to the verdict, and appealed to this court, which, after a careful consideration of the case, affirmed the verdict and sentence. See State v. Lyons (recently decided), 113 La. 959, 37 South. 890.

After the judgment of this court became final, the relator, through his attorneys, presented a petition to the respondent judge, suggesting that relator was then insane, and that therefore the court should not certify the record to the Governor of the state for his approval and the issuance of the death warrant, and praying that a committee of competent physicians be appointed to examine into the mental condition of the relator, and that, after evidence heard and trial, he be sent to the State Insane Asylum, there to remain until cured.

The district judge refused to grant the prayer of relator's petition, whereupon his counsel moved for a suspensive appeal, which was denied. The proceeding now before the court is an application for a mandamus to

compel the respondent judge to grant relator a suspensive appeal from the order denying the relief prayed for by him.

Under the statutes of this state, the execution of a death sentence is based on a warrant issued by the Governor of the state after considering a copy of the whole record of the proceedings. The court which imposed the sentence has no power to supervise, control, or suspend its execution. When such sentence has been affirmed by the Supreme Court, the duties of the judge and clerk of the trial court are merely ministerial. The duty of the judge in such case is to order the decree of this court to be filed and executed, and the duty of the clerk is to forward a copy of the record to the Governor of the state. The statutes do not provide any mode for determining the question of the sanity vel non of a person sentenced to death. Act No. 105, p. 153, of 1896, provides for the interdiction of convicts confined in the penitentiary, on the petition of the warden and the clerk of the board of control.

In such cases, if the judge be satisfied that the convict has become insane since his imprisonment, he orders the removal of the convict from the penitentiary to the asylum for the insane, to be there detained and treated until he shall recover his sanity. It is obvious that to permit convicts to arrest the execution of sentences imposed on them by demanding, as a matter of legal right, the appointment of medical experts to examine into their mental condition, would be tantamount to granting them the privilege of thwarting the administration of criminal justice for an indefinite time. The act of 1896 does not grant any right to convicts to initiate such proceedings, but the matter is left to the discretion of the warden of the penitentiary. Reasoning from analogy, a similar initiative should be left to the custodian of convicts sentenced to death. If persons under sentence of death appeal to the courts or to the executive department for a suspension of sentence on the ground of alleged insanity, it is discretionary with the court or the executive to take action in the premises. It has been held in other states that in such cases the question is one not of legal right, but of humanity, and that the ruling of the court is not reviewable by appeal or writ of error.

In the case of relator, his counsel presented to the court a petition, unaccompanied by affidavit or other evidence, tending to show "present" insanity. The respondent judge refused to appoint a commission de lunatico on the mere suggestion of counsel for relator. If such a ruling be reviewable by this court, then there is nothing to prevent other similar applications and other appeals by relator, resulting in the indefinite postponement of the execution of the sentence of death pronounced against him.

Our appellate jurisdiction in criminal cases is confined to final judgments, and, being of opinion that we have no jurisdiction to review on appeal the action of the respondent judge in the premises, this application for a mandamus is denied.