LAND, J.
The defendant, indicted for murder, was found guilty without capital punishment, and has appealed from a sentence of imprisonment at hard labor for life.
We note that defendant’s counsel below has made no appearance in this court, and that the case has been submitted without argument on the brief filed in behalf of the prosecution.
After the indictment was found., the defendant by bis attorney presented a petition to the court, representing that the accused was laboring under mental delusions and was absolutely irresponsible for his actions, and praying for the appointment of a “lunacy commission” to examine the accused and to report its findings to the court. Th$ judge thereupon appointed a commission de lunático inquirendo, composed of five practicing physicians.
The' accused objected to an arraignment before the report of the commission had been made. This objection being overruled, the accused was arraigned, and pleaded not guilty. The accused also objected to the fixing of the case for trial on the same ground, but Ms objection was overruled.
Counsel for defendant excepted to the above rulings of the court and reserved a bill of exception.
Before the day fixed for the trial, three out of the four physicians serving on the commission reported that the accused was sane. The fourth member reported that the accused was insane.
The only defense urged before the jury was that the accused was insane at the time of commission of the homicide.
The judge in his per curiam says that the appointment of the commission was for the purpose of enabling its members to be fully prepared and qualified to testify before the jury upon the defense of insanity, and that counsel for the accused was informed of that purpose, and told by the court that the question of insanity vel non would be submitted to the jury.
As the commission reported that the accused was sane, he was not prejudiced by the rulings complained of in the bill of exception.
Insanity as a means of defense must be urged before the jury on the trial of the merits of the case. Insanity arising after the commission of crime merely operates a stay of proceedings. The court may have the issue of present insanity tried before a jury, or may appoint a commission of experts to examine into, determine, and report the mental condition of the accused. State ex rel. Chandler v. Judge, 45 La. Ann. 696, 12 South. 884; State ex rel. Armstrong v. Judge, 48 La. Ann. 503, 19 South. 475. If present insanity be suggested during the progress of the trial, the court may let the trial proceed and submit the question of present insanity, with that of guilt or innocence, together to the jury. State v. Reed, 41 La. Ann. 583, 7 South. 132.
In the ease at bar the report of the commission disposed of the plea of present insanity. Insanity as a defense was urged before the jury, and the experts and other witnesses were examined as to the mental condition of the accused.
The appointment of the commission did not stay further proceedings in the case. The judge might have disposed of the suggestion of present insanity by referring that issue to the jury.
The exception to the overruling of defendant’s motion for a continuance to enable his counsel to prepare the case and summon witnesses is without merit. Six days intervened between the day of setting the cause and the *747 day of trial. The only defense was a plea of insanity, and on the trial 22 witnesses, doctors and laymen, testified on behalf of the defendant.
A witness on the stand was asked whether or not the accused was generally represented or notoriously regarded as an insane person, or a weak-minded or idiotic negro. This question was objected to by the prosecution, and the objection was sustained. Defendant excepted to the ruling of the court.
The ruling was correct. It seems to be well' settled that the insanity of a person whose mental condition is at issue cannot be proved by reputation in the family or by general reputation. 16 Am. & Eng. Ency. Law (2d Ed.) p. 612. In the language of the Supreme Court of Georgia:
“By this kind of evidence a fool may be proved a wise man, and a philosopher' a fool.” Foster v. Brooks, 6 Ga. 292.
A doctor was asked whether, in his opinion, “the authorities of the insane asylum would detain him [defendant] in the insane asylum as an insane person.”
This question was objected to as immaterial, and the court sustained the objection, but allowed the witness to express his opinion “whether the accused is or is not a proper subject to be kept in an insane asylum.” The defendant excepted. We see no error in the ruling of the court.
Defendant excepted to the charge on the subject of insanity, but did not object to any particular portions thereof, or request any special instructions. A general objection of this kind to a charge purporting to cover the whole law applicable to .the defense of insanity cannot avail. Marr’s Criminal Jurisprudence of La. p. 799.
We have considered all the bills of exception in the record, and find no reversible error in any of them.
It is therefore ordered that the verdict and sentence below be affirmed.