(57 South. 269.)

No. 19,222.

STATE v. OTERI.

In re WATSON, Warden, et al.

(Jan. 2, 1912.)

(Syllabus by Editorial Staff.)

1. INSANE PERSONS (§ 86*)—CRIMES—CONFINEMENT OF INSANE CRIMINALS.

Act No. 105 of 1896 requires that, when any convict serving a penitentiary sentence shall become insane, the warden and clerk of the board of control shall petition the district court where the penitentiary is located, showing the insanity of such convict, and praying for his interdiction and removal to the insane asylum. Act No. 264 of 1910, § 4, provides that, where a person has been committed to an insane asylum who becomes insane after his conviction for a crime punishable by imprisonment or death, he shall not upon regaining sanity be liberated. *Held*, that the only court having jurisdiction of a petition to have an insane person under death sentence removed to the insane hospital was the court having jurisdiction of the penitentiary wherein the convict was confined, and not that in which he was convicted, its jurisdiction ceasing after judgment of conviction and removal of accused to the custody of the penitentiary authorities.

[Ed. Note.—For other cases, see Insane Persons, Dec. Dig. § 86.*]

2. INSANE PERSONS (§ 86*)—CRIMES—CONFINEMENT OF INSANE CRIMINALS.

Act No. 264 of 1910, § 4, providing that one committed to the hospital for the insane, who becomes insane after his conviction for a crime punishable by imprisonment or death, shall not be liberated upon regaining his sanity, contemplates that there is a mode by which the sanity of a convict sentenced to death may be passed upon in the interval between his sentence and execution.

[Ed. Note.—For other cases, see Insane Persons, Dec. Dig. § 86.*]

Petition by Eugene B. Watson, Warden of Louisiana State Penitentiary, and G. Kilgore, Clerk and Secretary of the Board of Control of the State Penitentiary, for the removal of Frank Oteri, an insane convict, to the Insane Hospital. On application for certiorari, and mandamus to review a judgment sustaining an exception to the petition. Rule made absolute and mandamus issued.

See, also, 128 La. 939, 55 South. 582.

Walter Guion, Atty. Gen., and Henriques & Otero (G. A. Gondran, of counsel), for relators.

PROVOSTY, J. [1] Act 105, p. 153, of 1896, provides that:

"Whenever any convict serving a sentence in the penitentiary shall become insane, it shall be the duty of the warden of the penitentiary together with the clerk of the board of control to present a petition to the district court where the penitentiary is located setting forth the

insanity of such convict and praying for his interdiction and removal to the Asylum for the Insane."

The warden and the clerk of the penitentiary presented a petition under the said act to the district court of the parish of East Baton Rouge, where the state penitentiary is located, representing that a convict named Frank Oteri, who had been tried and sentenced to death by the district court of the parish of Iberville, and was in the penitentiary awaiting execution of the sentence, had become insane, and asking that said convict be interdicted and removed to the Asylum for the Insane.

The district attorney for the parish of Iberville filed an exception to the jurisdiction of the court of East Baton Rouge, on the ground that the only court, if any, having jurisdiction of the matter was that of Iberville, by which the convict had been tried and sentenced. The court sustained the exception, and the matter is now before this court on application for writs of certiorari and mandamus to the judge of the district court of East Baton Rouge.

In justification of his ruling, the learned respondent judge says that the said Act 105 of 1896 was not intended to provide for cases where the convict has been sentenced to death, but only for cases where he has been sentenced to a term in the penitentiary. And this is true, to the extent that at the time the said act was passed convicts sentenced to death were kept in the parish jails until execution of the sentence, and were not sent to the penitentiary, and hence this law could not have been intended to have application to them. They are now sent to the penitentiary, by virtue of Act 61, p. 107, of 1910, which requires the death sentence to be executed within the walls of the penitentiary by the warden or his deputy.

In the case of State ex rel. Lyons v. Chretien, Judge, 114 La. 81, 38 South. 27, this court held that a prisoner under sentence of death was without right to provoke an inquiry into his sanity; and the court added that in the case of convicts sentenced to the penitentiary special provision had been made by the Act of 1896 for the setting on foot of such inquiry, and that "reasoning from analogy a similar initiative should be left to the custodian of convicts sentenced to death."

Act 264, p. 454, of 1910, § 4, provides that:

"Where a person has been committed to the Hospital for the Insane, who becomes insane after his conviction for a crime punishable by imprisonment in the penitentiary or by death, he shall not upon regaining his sanity be restored to liberty," etc.

[2] This law evidently contemplates that there is some mode by which in the interval between sentence and execution the sanity of a convict may be pronounced; and, in the nature of things, the only court having jurisdiction is that having jurisdiction of the place prescribed by law for the detention of the convict. The jurisdiction of the court that tried and sentenced the convict necessarily ceases when the convict by operation of law passes out of its control and under that of the officers of the penitentiary. See, to that effect, Lyons v. Chretien, Judge, supra.

Let the rule nisi herein heretofore issued be made absolute, and the writ of mandamus issue as prayed.