(96 South. 116)

No. 25527.

### STATE v. CROPPER.

(April 2, 1923.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law ⬤586—Continuance largely, but not entirely, in trial court's discretion.**

The matter of continuances is one largely, though not entirely, within trial judge's discretion.

2. **Criminal law ⬤590(1), 1166(8)—Refusal of continuance to prepare defense not abuse of discretion or harmful.**

Where accused had 11 days in which to prepare defense of insanity, and on trial produced much documentary and oral evidence of insanity of members of his family, and his own insanity, denial of continuance *held* not abuse of discretion or injurious.

3. **Criminal law ⬤126(1)—Denial of change of venue not error, when examination of jurors showed no prejudice.**

Where examination of jurors, on their voir dire, showed no bias or prejudice, but established affirmatively that accused could receive a fair trial, motion for change of venue, on which decision had been deferred, was properly denied.

4. **Jury ⬤103(6)—Juror having impression which would yield to evidence not disqualified.**

A juror, who did not know accused or deceased, and had no fixed opinion, but had what

he called an impression which would yield to evidence, and had no prejudice against plea of insanity, was not disqualified.

5. **Criminal law ⬤625—Judge could reserve question of present insanity until after verdict.**

Where the evidence had been taken and the arguments were about to begin, the trial judge was not required to stay proceedings to inquire into question of accused's present insanity, but might properly reserve such inquiry until after the verdict.

6. **Criminal law ⬤625—Question of present insanity must be tried by judge.**

The question of accused's present insanity, though raised at the trial, must be passed upon by the judge alone, and not by the jury passing upon defendant's guilt or innocence.

Appeal from Eleventh Judicial District Court, Parish of Natchitoches; Jas. W. Jones, Jr., Judge.

E. S. Cropper was convicted of murder, and he appeals. Sentence set aside, and trial judge ordered to pass on question of present insanity.

C. S. Hebert, of New Orleans, and M. L. Dismukes, J. O. Gunter and R. J. Dunckelman, all of Natchitoches, for appellant.

A. V. Coco, Atty. Gen., S. R. Thomas, Dist. Atty., of Coushatta (T. S. Walmsley, of New Orleans, and Phanor Breazeale, of Natchitoches, of counsel), for the State

ST. PAUL, J. The defendant was charged with murder, and appeals from a verdict of guilty without capital punishment.

I.

*Bill of Exception No. 1.* The homicide was committed November 11, 1922; the accused was indicted November 29th, arraigned December 4th, and counsel assigned to him; the trial was fixed for December 11th, and then continued to December 15th. On December 14th defendant moved for a change of venue, on the ground of local prejudice against the accused, and in the al-

terminative for a continuance of 30 days in which to prepare his defense (insanity).

[1, 2] The matter of continuances is one largely, though not entirely, within the discretion of the trial judge, and in this case that discretion was not abused. The accused had 11 days between his arraignment and the trial in which to prepare his defense. He produced, on the trial, much documentary and oral evidence of insanity in the members of his family, which was not seriously disputed, and called thirteen witnesses as to his own insanity, four of whom were physicians, two of them being called as experts.

In State v. Charles, 124 La. 744, 50 South. 699, 18 Ann. Cas. 934, this court said:

"The exception to the overruling of defendant's motion for a continuance to enable his counsel to prepare the case and summon witnesses is without merit. Six days intervened between the day of setting the cause and the day of trial. The only defense was a plea of insanity, and on the trial 22 witnesses, doctors and laymen, testified on behalf of the defendant."

In the case before us, the defendant suffered no injury from the refusal of the judge to grant to him a continuance; and no such complaint is made or suggested in his application for a new trial.

## II.

[3] *Bill of Exception No. 3*, being on the motion for a *change of venue*. The trial judge deferred the decision thereon until he had heard the examination of the jurors on their voir dire. By consent, all jurors were excused from the city of Natchitoches, where the alleged prejudice was supposed to exist, and 41 jurors from other parts of the parish were examined. We have read their examination carefully, and may freely say that it shows nothing in the way of bias or prejudice towards the accused, but, on the contrary, establishes affirmatively that the ac-

cused could receive a fair trial in said parish.

We see no error in the refusal of the trial judge to grant a change of venue.

## III.

[4] *Bill of Exception No. 2.* After exhausting his twelve peremptory challenges, the defendant challenged the juror Carl Crump on the ground of bias and prejudice and a fixed opinion. The juror testified that he had no bias or prejudice against the accused; did not know either the accused or the deceased; had read about the case; had a kind of opinion, but had not expressed it, an *impression* which would readily yield to the evidence, not a fixed opinion; had no prejudice against a plea of insanity, and would not hold the accused responsible if shown to be insane; could give the accused a fair trial.

We see no error in the overruling of this challenge.

## IV.

[5, 6] *Bill of Exception No. 4.* After all the evidence had been taken, and at the beginning of the argument, counsel for the accused moved the court on the evidence before it, to take the case from the jury on account of the *present insanity* of the accused, and pass judgment declaring the accused insane and committing him to an insane asylum.

The trial judge refused to take the case from jury, but submitted to them the question of present insanity, along with the main issue in the case; to which the accused reserved a bill.

As it is manifest that an insane man cannot be tried for crime, the only question involved is whether the judge should have passed upon that question by himself, or had he the right to submit the question of present insanity to the same jury which tried the main issue.

We are of opinion that, at that stage of the trial, it was not incumbent on the trial judge to stay the proceedings in order to enter upon the inquiry as to the present insanity of the accused, but might properly allow the trial to proceed, reserving his inquiry and judgment until after the verdict on the main issue came in.

On the other hand, we are of opinion that the question of the present insanity of the accused must be passed upon by the judge alone, and not by the jury called to pass upon the guilt or innocence of the accused.

It is true that in State v. Reed, 41 La. Ann. 583,[1] this court held that the question of present insanity might be submitted to the jury along with the question of guilt or innocence. And again in State v. Charles, 124 La. 744, 50 South. 699, 18 Ann. Cas. 934.

But these two cases, and others, were reviewed in State v. McIntosh, 136 La. 1001, 68 South. 104, and it was there determined that the issue of present insanity was a question for the judge alone, and could not be submitted to the jury along with the question of the guilt or innocence of the accused over the objection of the latter. It is true that in this last case the plea of present insanity was made before the trial commenced, but the fact remains that the point under consideration by the court was whether the issue of present insanity was triable before the judge alone or might be submitted to the same jury which passed upon the guilt or innocence of the accused; and the court held

[1] 7 South. 132.

that the issue must be determined by the judge alone. Manifestly if such an issue was for the judge alone to decide, when made before the trial commenced, and if (as must clearly be the case) it is for the judge alone to pass upon when raised after the verdict, then such an issue is one which in principle must be passed upon by the judge alone; and, if such be the case, then there is no way to draw any distinction when the issue is raised in the course of the trial.

In other words, bearing in mind the distinction between *present insanity* and insanity at the time the crime was committed, this court held in the McIntosh Case, supra, and now holds, that that issue is for the judge to pass upon alone, and not one that may be submitted to the jury, which is charged with passing upon the guilt or innocence of the accused.

### Decree.

It is therefore ordered that the sentence herein imposed be set aside; that the trial judge do now proceed to pass upon the question of the insanity of the defendant at the time of trial; that, if he find that the defendant was insane at the time of trial, he set aside the verdict against him and commit him to an asylum for the insane, to await his recovery, and to be placed on trial when he recovers. Otherwise, and should the judge find that the defendant was not insane at the time of trial, then that he proceed to sentence him according to law, and to that end this cause is now remanded to the court a quo.