(98 South. 672)

No. 26158.

CAFIERO v. CAFIERO et al.

In re CAFIERO.

(Oct. 29, 1923.   Rehearing Denied by the Whole Court Jan. 7, 1924.)

*(Syllabus by Editorial Staff.)*

Jury ⚙═19(7)—Properly refused in proceedings by heir through adoption to be placed in possession of succession.

In view of Code Prac. arts. 921, 922, 924, 925, 996, 1000, 1001, 1022, and 1023–1027, inclusive, relating to the powers and proceedings of probate courts, and of article 1003, providing that if from the examination of testimony the judge discovers that petitioners are entitled to the succession he shall put them in possession of it, where one alleges himself to be an heir who has been ignored in the proceedings by which other persons or his coheirs have been placed in possession. and seeks recognition of his right to an interest in that same succession, which claim is disputed by those sent into possession, the court is called on to decide the question as a matter within its probate jurisdiction without the intervention of a jury.

Suit by Florence Cafiero against Frances V. Cafiero and others to be recognized as the forced heir of Jos. T. Cafiero. A trial by jury was denied, and defendant applies for writs of certiorari, prohibition, and mandamus. Preliminary writs recalled, and proceeding dismissed.

Walter Lemann, of Donaldsonville, for relator.

Howell & Wortham, of Thibodaux, for respondent.

By Division B, composed of DAWKINS, LAND and LECHE, JJ.

DAWKINS, J.   Plaintiff sued to be recognized as the forced heir of Jos. T. Cafiero, by virtue of an alleged adoption, and to have the donation made to the defendant, widow and universal legatee, as well as a

special legacy in favor of the other defendant, reduced so as not to encroach upon her légitime. She prayed that the ex parte judgment putting the defendants in possession under the will be annulled, in so far as it affected her; that she be decreed a forced heir, entitled to one-third of the estate, and accordingly that she be sent into possession; and that defendants be ordered to account to her for one-third of the rents, revenues, and cash coming into their hands.

After filing certain exceptions, defendant widow answered, admitting execution of the act of adoption, but denied the legal conclusions alleged. Defendant further specifically denied that plaintiff was a forced heir of deceased; averred that he left no children, and for numerous reasons pleaded that plaintiff had forfeited and was estopped to claim any rights by reason of the alleged act of adoption. Defendant further averred that she was entitled to a trial by jury, and prayed that the demands of plaintiff be rejected. In the alternative, if plaintiff should recover, then that defendant have judgment against her codefendant for his proportion thereof. Subsequently, defendant filed a prayer for jury, with proper deposit.

Upon suggestion of the lower judge that he thought this was a probate matter, counsel for plaintiff moved that the jury be disallowed, which was done, and defendant applied to this court for writs of certiorari, prohibition, and mandamus, to compel the allowance of the jury.

## Opinion.

The sole test of the issue before us is as to whether this is a matter falling within the probate jurisdiction of the lower court, in which case it would be cognizable by the judge without the intervention of a jury; or whether it is merely a civil cause, as distinguished from probate, calling for the exercise of the general powers of the court.

C. P. art. 921 provides:

"Courts of probate are especially established for the opening and *settling* of all successions, and for the *trial* of *probate causes* and the disposition of such probate business as require to be done in open court."

Article 922:

"They are called courts of probate because the proving and recording of last will and testaments are made before them."

"Courts of probate have the exclusive power: * * *

"11. To compel heirs to accept or reject succession.

"12 To put heirs in provisional possession. * * *

"14. To partition successions among heirs."

(We use the headings of Garland's Code of Practice, instead of quoting in detail these paragraphs.)

Article 925:

"The courts of probate shall have no jurisdiction, except in the cases enumerated in the preceding article, or in those which shall be mentioned in the remaining part of this title, or in those specified and determined by law."

Succeeding articles deal with the administration of estates, in the hands of executors or administrators, including the marshaling of assets, payment of creditors, etc., but article 996 provides:

"The case is different when such estates are in the possession of heirs either present or represented in the state, although all or some of those heirs be minors; for in such case the *actions for debts* due from such successions shall be brought before the ordinary tribunals, either against the heirs themselves, if they be of age, or against their curators if they be under age or interdicted."

Article 1000:

"When the heirs or other persons entitled to successions which are administered by curators appointed by a judge, or by testamentary executors, shall present themselves or send their power to reclaim such successions, they shall present a petition to the judge who appointed or confirmed these curators or executors, praying that they may be cited and compelled to account for their administration."

Article 1001:

"The said heirs or other persons claiming, shall file along with their petition all such proofs as may go in support of it, to the end that the curator or testamentary executor may be made acquainted with them."

Article 1003:

*"If from the examination of the testimony produced in support of the prayer, the judge discovers, that the petitioners are entitled to the succession, he shall put them in possession of it,* and shall direct the curator or executor to render an account within a reasonable time to be fixed by him."

Article 1022:

"All partitions of succession property shall be made by the court of probate of the place where the succession is opened."

Articles 1023 to 1027 declare that every heir, whether major or minor has the right to sue for a partition by a petition and citation, prescribes the manner of making such partitions, etc., and article 1036 provides:

"All causes tried before a court of probate shall be decided without the intervention of a jury."

(All italics in the above quotations are by the writer of this opinion.)

We have thus quoted at length from the provisions of the Code of Practice for the purpose of showing that the probate court, when it existed as such separate and apart from the district court, or court of general civil jurisdiction, was exclusively charged with original jurisdiction "for the opening and settling of successions," the probating of wills, the recognition of heirs, either legal or testamentary, and with the partition of estates, so long as the heirs had not been, after judicial recognition, sent into possession.

Of course, it cannot be that one or more heirs, who have been sent into possession in an ex parte proceeding claiming the whole estate, can thereby rob the probate court of jurisdiction or deprive other lawful or testamentary heirs of the right to have their claims passed upon by that tribunal, and relegate them to an action to recover an interest in the specific property, as distinguished from an interest in the succession. When heirship is not disputed and those claiming the succession, at their own instance, have been sent into possession unconditionally, they thereby become personally liable for the debts of the deceased, and creditors have their actions against them individually; so, also, as between themselves, the heirs become co-owners, and may, by agreement, partition the effects, or sue in civil action for a division, just as other joint proprietors may do.

However, when, as in the present case, one alleges himself to be an heir who has been ignored in the proceedings by which other persons, or his coheirs, have been placed in possession and seeks recognition of his right to an interest in that same succession, which claim is disputed by those so sent into possession, the court is called upon to decide a matter coming clearly within its probate jurisdiction, as such, and under express provision of the Code of Practice, above quoted, without intervention of a jury. In such circumstances, the plaintiff asserts no claim against the succession, such as that of a creditor, which can be equally demanded of those who have accepted; but claims through and by virtue of the succession itself, necessitating an adjudication of his rights thereto in the same manner and from the same source as those who have already invoked the court's jurisdiction. Hart, Tutrix, v. Hoss & Elder, 22 La. Ann. 517; Suc. of De Roffignac, 21 La. Ann. 364; Malone v. Casey et al., 25 La. Ann. 466.

For the reasons assigned, the preliminary writs are recalled, and this proceeding dismissed, at the cost of the applicant.

Rehearing denied by the WHOLE COURT; O'NIELL, C. J., dissenting.