ROGERS, J.
 

 Relator was indicted and convicted of murder, and sentenced to be hanged. This court, on appeal, set aside the sentence and remanded the case, “with instructions to try and determine, first, the question of whether accused was insane when tried and, if so, then to grant a new trial; otherwise to decree that the conviction shall stand; and, second,?’ it was ordered “that said court also try and determine the issue as to whether defendant has become insane since the trial, and in that event to direct his commitment to a state institution, to be held until sanity is recovered, when he is to be dealt with as the law provides, and, if it should be found that he was not insane when tried, and is not presently so suffering, then he shall be resentenced, all according to -law and the views herein expressed.” See State v. Brodes, 156 La. 42S, 100 So. 610.
 

 Shortly after this mandate issued from this court the trial judge appointed a lunacy commission, composed of three physicians, to examine into the mental condition of the relator, who was being held in the parish prison in the custody of the criminal sheriff. In due time this commission submitted their report, in which they set forth'that, owing to the lack of obtainable data
 
 other than the
 
 unsupported statements of the relator, they were unable to arrive at any conclusion concerning the sanity of the accused at the time he was tried for murder, on the 27th day of July, 1923; that, on the second question submitted, the members of the commission were of the opinion that the accused had not become insane since July 27, 1923.
 

 In their application for remedial writs counsel for relator complain that neither defendant nor his attorneys were notified of the appointment of the lunacy commission or that the commission was in session; nor was there ever any request made by the court or the commission to take or file testimony or to hear relator’s witnesses or to furnish the necessary data which the commission in their report stated they were unable to obtain.
 

 It is further averred in relator’s application that the district judge is without power to sentence relator solely on the report of a commission of medical examiners; that the law (Act 68 of 1918) relative to proceedings against insane pei’sons requires a pub-lie hearing in open court, with the summoning of witnesses who know the person on trial for insanity; that it is the duty of the judge to appoint on the commission with the coroner the physician of the person suspected of insanity, if he has any; and that the minutes of the court do not show any such appointment, nor had any request been made of defendant or his counsel to suggest the name of a physician to serve as a member of the commission.
 

 Relator also attacks the proceedings as being in violation of the Fourteenth Amendment to the Constitution of the United States, providing that no person shall be deprived of life, liberty, or property without due process of law.
 

 Relator alleges that neither he nor his counsel had any knowledge of the report of the lunacy commission until a request was made, in an informal way, by the court below of his counsel to be present in court when the findings of the so-called commission would be filed, which was the same day; that his counsel was present and objected to the commission’s findings and the filing thereof, with the reservation of the right to interpose further objections prior to the day of sentence.
 

 It is further alleged, in relator’s application, that the trial judge had notified his
 
 *165
 
 counsel that he intended to resentenee relator to death on Wednesday August 27, 1924; and that he, the said judge, would not entertain any motions or pleadings from counsel, nor would he grant relator an appeal from said sentence.
 

 In view of the failure of the respondent judge to make any return to relator’s application, and of the nonappearance of any opposition thereto on behalf of the state, we are constrained to accept as true the averments of fact set forth in said application.
 

 The appointment of the commission of medical experts to examine into the mental condition of relator at the time of his trial and subsequent thereto, with instructions to submit the result of their findings to the court, to .the end that said report might form the basis of the judgment on the remand of the case, was not a compliance with the mandate of this court.
 

 The decree is not that the district judge should make inquiry merely into the mental condition of the accused, but that the issue of sanity, vel non, should be tried and determined according to law.
 

 The trial contemplated and required is a hearing between the state and the accused beforé the district judge, in the manner and form provided by law, of the facts put in issue on the questions ordered investigated for the purpose of a judicial determination of such issue. See State v. McIntosh, 136 La. 1000, 68 So. 104; State v. Cropper, 153 La. 545, 96 So. 116.
 

 Act 68 of 191S is inapplicable to a case of this kind. Its provisions apply only to those cases where information is brought or complaint is made to the judge by a third party of the insanity of the person sought to be interdicted. They have no reference whatever to tne case of a person charged with crime setting up insanity, as a defense, or pleading present insanity, or suggesting that insanity had supervened since his trial. The' opinion in State v. Kern, 153 La. 829, 98 So. 672, contains nothing in opposition to this view.
 

 For the reasons assigned, it is ordered that all the proceedings had in this matter on its remand, and particularly the certificate and findings of the lunacy commission filed herein, be and the same are hereby declared to be irregular and of no effect.
 

 It is further ordered that a writ of prohibition issue to the Hon. Richard A. Dowling, judge of section C of the criminal district court for the parish of Orleans, Robert H. Marr, district attorney, and George G. Williams, criminal sheriff, for the parish of Orleans, prohibiting them, and each of them, from taking any further proceedings in said cause on the remand thereof by this cdurt save and except as directed and instructed in the decree rendered by this court on March 3, 1924, and reported in 156 La. 428, 100 So. 612.