(111 So. 79)

No. 28299.

**STATE v. BURNHAM.**

**In re BURNHAM et al.**

(Nov. 29, 1926. Rehearing Denied Jan. 3, 1927.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law ☞625—Act governing examination and commitment of insane persons by district judge, held inapplicable to criminal case involving plea of present insanity (Act No. 68 of 1918).**

Act No. 68 of 1918, governing proceedings for examination and commitment of insane persons by district judge, *held* not applicable to criminal case where accused, when called on to plead to indictments, claimed present insanity.

2. **Criminal law ☞625, 1158(2)—On issue of present insanity, judge is exclusive judge of sufficiency and credibility of evidence, though findings are reviewable.**

District judge is exclusive judge of facts, weight, and sufficiency of evidence, and of cred-

162 LA.—24

ibility of witnesses, in passing upon issue of present insanity, subject, however, to Supreme Court's review as to his findings.

3. **Criminal law ☞625—Laws governing interdiction of insane on complaint of third person are not applicable to criminal cases involving issue of present insanity (Act No. 253 of 1910; Rev. St. 1870, § 1768).**

Act No. 253 of 1910 and Rev. St. 1870, § 1768, being laws in pari materia governing interdiction of insane initiated upon the complaint of a third person, such laws *held* not pertinent to trial or issue of present insanity raised by plea in criminal case.

4. **Criminal law ☞625—Judge may, in determining present insanity plea of accused, either appoint lunacy commission or pass on evidence himself.**

On trial of plea of present insanity, interposed in criminal prosecution, judge, in sound discretion, may appoint lunacy commission or may himself consider all available witnesses to determine present insanity of accused.

5. **Criminal law ☞625—Common-law procedure must prevail in investigation of issue of present insanity in criminal prosecution, in absence of special statute (Rev. St. 1870, § 976).**

In absence of special statute on method of investigation raised by plea of present insanity in criminal prosecution, common-law procedure must prevail, in view of Rev. St. 1870, § 976.

6. **Criminal law ☞667(2)—Testimony of expert and nonexpert witnesses on insanity plea of accused must be reduced to writing.**

In proceedings to determine present insanity plea raised by accused, testimony of witnesses, both expert and nonexpert, must be reduced to writing.

Edson E. Burnham was indicted for rape, and, upon arraignment, stood mute, claiming present insanity. Upon decision of the court to submit the issue of insanity to the jury, Herbert E. Burnham and others applied for writs of certiorari, mandamus, and prohibition. Case remanded for taking testimony.

Amos L. Ponder, Ellis & Ellis, and Purser & Magruder, all of Amite, for relators.

LAND, J. The judge of the Twenty-First judicial district court for the parish of Tangipahoa, in answer to the application for above writs, makes the following return as to the issues involved in this case:

"That the accused was indicted on September 25, 1926, on two charges of rape, and on the 30th day of September, 1926, was brought before the court for arraignment, at which time his attorneys by motion suggested his insanity, and the relator Herbert Burnham filed an affidavit to the same effect, whereupon the court appointed four physicians, Drs. Smith, Ricks (coroner), Stewart, and Le Noir. On October 1, 1926, these physicians filed their reports; Drs. Ricks and Smith being rather noncommittal, and Drs. Stewart and Le Noir certifying that accused was sane.

"Counsel had protested that the matter had to be taken up under the provisions of Act 68 of 1918, to which the court did not agree, but, after these reports were filed, and under the case of State v. Kern, 153 La. 829, 96 So. 672, the court, in order to meet all conditions, appointed another commission composed of Dr. Smith, the alleged family physician, and Dr. Ricks, parish coroner, and had issued formal warrant and ordered a public hearing, in which both state and the accused were represented.

"After a completion of this hearing, as shown by the record, the court again announced that it was of the opinion that the provisions of Act 68 of 1918 did not apply, and further that, even if it did apply, the court was not bound by the findings of the commission, which were evidence which the court could consider in determining *the fact* of the sanity or insanity of the accused, and further that, if said act attempted to place in the hands of the family physician and the parish coroner the power of determining judicially such a fact, it was to that extent null and void and unconstitutional; such judicial function being vested solely under the Constitution in the first instance in this court, and not in such commission.

"After carefully considering all of the evidence before it, the court was satisfied that the accused was *presently* sane, leaving the question of his insanity vel non at the time of the commission of the crime for the jury, and so held. On the motion of the district attorney, the accused was ordered arraigned, over the protest and exceptions of counsel for accused, as shown by the record, and, his counsel having in open court advised him not to plead, he stood mute, and the court ordered a plea of not guilty entered, as the law provides."

As stated by respondent judge, this is a case of alleged present insanity, suggested by counsel for the accused in open court, and at the time the accused was called upon to plead to the indictments returned against him by the grand jury.

Relator does not question the right of the trial judge to hear and dispose of this issue, without the intervention of a jury, but contends that Act 68 of 1918 is applicable to the case, and that the question of present insanity vel non is an issue to be decided by the lunacy commission appointed by the court, instead of by the lower judge, under the provisions of the act cited.

[1] We agree with respondent judge that Act 68 of 1918 is not applicable to the present case.

This question was decided in State v. Brodes, 157 La. 162, 102 So. 190, in which the case was remanded, and the district judge was instructed to first determine whether the accused was insane when tried, and also to determine whether he had become insane since trial. In the Brodes Case the court held that:

"Act 68 of 1918 is inapplicable to a case of this kind. Its provisions apply only to those cases where *information is brought or complaint is made to the judge by a third party of the insanity* of the person sought to be interdicted. They have no reference whatever *to the case of a person charged with crime* setting up insanity as a defense, or pleading present insanity, or suggesting that insanity had supervened since his trial. The opinion in State v. Kern, 153 La. 829, 96 So. 672, contains nothing in opposition to this view." (Italics ours.)

As Act 68 of 1918 has no application to the present case, we are not called upon in this proceeding to pass upon its constitutionality, which is attacked by respondent judge, if the provisions of the act may be susceptible of the interpretation placed upon them by counsel for defendant.

In speaking of the proper method of trial, as to the issue of insanity pleaded by one

charged with crime, the court held in the Brodes Case that:

"The trial contemplated and required is a hearing between the state and the accused before the district judge, *in the manner and form provided by law*, of the facts put in issue on the questions ordered investigated for the purpose of a judicial determination of such issue. See State v. McIntosh, 136 La. 1000, 68 So. 104; State v. Cropper, 153 La. 545, 96 So. 116." (Italics ours.)

In the Cropper Case it is held, and correctly, that the issue of present insanity is triable before the judge alone, and is to be determined by the judge alone, citing State v. Charles, 124 La. 744, 50 So. 699, 18 Ann. Cas. 934.

[2] It follows from these decisions that the district judge is necessarily the exclusive judge of the facts, of the weight and sufficiency of the evidence, and of the credibility of the witnesses, in passing upon the issue of present insanity, subject, however, to review by this court as to his finding, as present insanity is not a fact affecting the guilt or innocence of the accused, but involves the right of the state to presently try the accused, and is a preliminary question to be tried by the lower judge. While the McIntosh Case is authority for this position, the question as to whether section 1768 of the Revised Statutes is applicable to a trial of the issue of present insanity was not before the court in that case.

The accused in the McIntosh Case made *two* applications to be examined for present insanity. Upon the first application, the trial judge held that defendant was sane, and rejected his prayer to be sent to the insane asylum. A week later the judge concluded that defendant was an inebriate, and directed the sheriff to convey him to a sanitarium for the treatment of the morphine habit, on the approval of the police jury, and under the authority of Act No. 100 of 1890 and Act No. 157 of 1894.

After defendant had been returned from the sanitarium to the parish of Richland, in which he was indicted for the crime of murder, he was ordered tried. Two weeks before his trial, the wife of the accused made *a second* application by petition filed in the district court for an examination into the question of the present insanity of the accused under Act No. 253 of 1910, an act "to provide proper proceedings relative to the insane, and for their admission to the insane hospitals of the state, and to repeal all laws in conflict herewith."

This application was refused by the district judge. The wife of the accused then applied to the Supreme Court for a writ of mandamus to compel the trial judge to determine the issue as to present insanity, not under section 1768 of the Revised Statutes, but under Act No. 253 of 1910.

The district judge in the McIntosh Case, in answer to the rule, stated, as his reasons for denying the request of relatrix, that "the law invoked does not apply to persons under a criminal charge."

It is said in the original opinion in the McIntosh Case that:

"It appears that the investigation made *before the defendant was committed to the institution for the treatment of inebriates* was not in accord with Act No. 253 of 1910, but according to the provisions of section 1768 of the Revised Statutes." Pages 1002, 1003 (68 So. 105).

However, the first investigation as to the present insanity of the accused was not before the Supreme Court in the McIntosh Case. The accused had been found sane under that investigation, and no relief from the court's finding as to his sanity was sought in this court, but the judgment of the lower court was acquiesced in by the accused, who was committed later to a sanitarium for the treatment of drug addicts.

While a writ of mandamus was ordered issued under the original decree in the McIntosh Case, although it is said in the original

opinion that Act 253 of 1910 was not applicable to a case of present insanity; yet, in affirming that holding on rehearing, a majority of the court concurred in setting aside the original decree, and dismissing the application. It is apparent, therefore, that a majority of the court in the McIntosh Case did not consider that any issue had been presented in that case as to the applicability of section 1768 of the Revised Statutes.

[3] For these reasons, the McIntosh Case is not authority for the proposition that this section of the Revised Statutes is pertinent to the trial of the issue of present insanity in any case.

On the contrary, it is authority for the opposite view, since Act 253 of 1910 and section 1768 of the Revised Statutes, as well as Act 68 of 1918, are laws in pari materia, with the same object in view, *the interdiction of the insane,* and the proceeding under each is initiated *upon the complaint of a third person.*

It follows, under the authority of the Brodes Case, that neither of these statutes applies to the present case, even if they coexisted at this date as laws upon the same subject-matter.

But Act 253 of 1910 has been expressly repealed by section 7 of Act 68 of 1918. This section provides:

"That all laws or parts of laws on the same subject matter, in conflict herewith, be and the same are hereby repealed, and especially Act 253 of 1910."

Section 1768 of the Revised Statutes relates expressly to interdiction cases, where it is made known to the "judge of the district or parish court *by the petition and oath of any individual that any lunatic or insane person* within his district ough't to be sent to or confined in the Insane Asylum of this State." (Italics ours.)

This section provides for the issuance of a warrant to bring the alleged lunatic or insane person before the judge *"in chambers,"* and for the proper inquiry into all of the facts and circumstances of the case.

Section 1768 of the Revised Statutes clearly embodies the same subject-matter as that contained in Act 68 of 1918, as held in the Kern Case, 153 La. 833, 96 So. 672, since said section authorizes interdiction proceedings *"in chambers,"* while Act 68 of 1918 requires that such proceedings shall be had *"in court"* and in public, and, in addition to this, throws around the alleged insane person numerous safeguards, not provided for in section 1768 of the Revised Statutes, as a protection against unjust or unwarranted conviction on a charge of insanity.

This court was compelled, therefore, to hold in the Kern Case that section 1768 of the Revised Statutes had been repealed or superseded by the later act—

"as act 68 of 1918 covers the whole subject-matter of proper procedure in cases of criminal interdiction, and as such procedure is in direct conflict with the procedure prescribed by the section of the Revised Statutes."

Interdictions in this state are of two kinds, civil and criminal. In the latter the party charged with insanity is brought into court under the criminal process of a warrant issued by the judge, while in the former a citation is issued, as in ordinary civil suits. R. C. C. arts. 390, 391, 392; Act 68 of 1918.

Interdictions under our system are called criminal, not because the party is charged with a crime, but because he is brought into court under criminal process by arrest under a warrant. A criminal prosecution is therefore very far from being a criminal interdiction proceeding, although present insanity, or insanity at the time of the commission of the offense, or since, may be pleaded by the accused.

It is said in the McIntosh Case, 136 La. 1003, 68 So. 105:

"Sections 993, 994, and 995 of the Revised Statutes, providing for the commitment to the insane asylum of any person acquitted of any crime on account of insanity, or not indicted for that cause, seem to refer to insanity existing at the time of the alleged crime, insanity as an excuse for the alleged crime."

These sections, however, do not prescribe any procedure by which the fact of such insanity shall be ascertained.

If the McIntosh Case, decided in 1915, may be construed as requiring a proceeding under section 1768 of the Revised Statutes, to determine the question of present insanity, it is clear that that case cannot be cited as authority any longer for that proposition, as said section has been repealed by Act 68 of 1918, which has been held not applicable in the Brodes Case.

In State v. Reed, 41 La. Ann. 581, 7 So. 132, a case in which it was offered to prove the insanity of the prisoner at the time of the trial, it is said:

"There is no pretense that insanity existed at the time when the offense, for which defendant was prosecuted, was committed. In such case, it would have been a legal defense, and under Revised Statutes, § 995, evidence thereof would have been admissible under the general plea of not guilty.

"But the precise question here presented is a novel one in this state. It is elementary that a man cannot plead, or be tried, or convicted, or sentenced, while in a state of insanity. 1 Bishop Cr. L. § 396; 1 Wharton Cr. L. § 53 et seq.; 2 Bishop Cr. Prac. §§ 666–668.

"If insanity exist at the time of the arraignment, counsel should then make the objection, and, if sustained, the prisoner should be excused from pleading and the proceeding should await his recovery. If not made at arraignment, the objection may be raised, at any time, before commencement of trial, and if sustained, the trial cannot proceed. Even though not made until the trial has begun, it is still not too late, and must be considered and determined in some way. Indeed, even after conviction, it may be opposed as a reason why sentence should not be passed.

"*The better opinion is that the objection requires no formal plea, but may be adequately presented orally, or the court may raise it on its own observation.* Reg. v. Southey, 4 Fost. & F. 864; Reg. v. Turton, 6 Cox Cr. C. 385;

Rex v. Frith, 22 Howell St. Tr. 307; Rex v. Dyson, 7 Car. & P. 305.

"*Whenever and however raised, evidence must be received, if offered, and the issue must, in some way, be disposed of.* * * * We consider it very clear that the counsel for defendant *had the right to raise the question of their client's present sanity, without special or formal plea, and to have evidence received on the point, and to have the issue determined in some proper way.*" (Italics ours.)

[4, 5] Section 1768 of the Revised Statutes is not referred to at all in this decision. The court decided in the Reed Case that no formal plea was necessary at all, citing common-law authorities to sustain its position. The answer to the whole contention in this case is that the proper proceeding as to the trial of the plea of present insanity is in accordance with the common-law pleading, as outlined in the Reed Case. The plea is made informally, the issue is raised, and the evidence is introduced. The judge, in his sound discretion, may appoint a lunacy commission, or he may cause to be produced before him all available witnesses in the case, expert as well as nonexpert, in order that proper inquiry may be made into all of the facts and circumstances touching the alleged present insanity of the accused. There is no limitation placed by the Reed Case upon the method of investigation which the trial judge may adopt. In the absence of special statute on the subject, the common-law procedure must prevail in this state. Revised Statutes of 1870, § 976.

[6] The testimony of all the witnesses, expert and nonexpert, should be reduced to writing, in order that such testimony may be reviewed by this court.

This has not been done in the present case, and we are therefore compelled to remand the case for that purpose. It is therefore ordered that this case be remanded to the lower court, that the testimony of all witnesses, expert and nonexpert, be reduced to writing,

and that the same be transmitted in due course, to this court for its examination.

### On Application for Rehearing.

PER CURIAM. The main purpose of our decree remanding this case was to have all of the evidence on the question of present insanity reduced to writing so as to be reviewable by this court. The ruling of the district judge having been set aside, the judge may hear and consider any relevant evidence that may be offered on the retrial of the defendant's plea of present insanity. Rehearing refused.