HAMITER, Justice.
In 1960 Wilbert Augustine, the defendant herein, was convicted of aggravated rape and sentenced to death in the electric chair. His conviction and sentence were affirmed by this court. State v. Augustine, 241 La. 761, 131 So.2d 56 (1961). And certiorari was denied by the United States Supreme Court. 368 U.S. 922, 82 S.Ct. 246, 7 L.Ed.2d 137 (1961).
Prior to the execution of the sentence the defense attorney filed an application to determine the accused’s mental condition, contending that he had become insane and could not be executed while in such state. Following a hearing, the accused on January 30, 1962 was adjudged to be insane; and he was ordered committed to the East Louisiana State Hospital.
In July, 1965 the doctors of the mentioned hospital notified the committing district judge that the defendant was, in their opinion, legally sane. Thereupon, another hearing was held, following which the court determined that he was still insane; and he was remanded to the same institution.
In August, 1966, the doctors at the hospital again notified the judge that the accused was legally sane and that he should be maintained on 100 milligrams of Thorazine three times a day. Another lunacy hearing was then ordered and held. At it the examining doctors testified that the defendant is a schizophrenic, but that the prescribed doses of Thorazine effect a remission of his acute psychotic symptoms and so long as he takes such medication he is sufficiently sane and able to assist his attorney.
Thereafter the judge called the accused (accompanied by his counsel) into open court and questioned him. Following such procedure the court, on January 25, 1967, held that the defendant was sane, and it ordered him transferred to the Louisiana State Penitentiary for execution of the *35 sentence previously imposed. Whereupon, counsel objected to the ruling and reserved a bill of exceptions, informing the court that he intended to take an appeal.
The motion for the appeal (which is presently before us) was not filed until June 7, , 1968 — approximately sixteen months after the ruling complained of.
We notice initially the unusual length of time elapsing before the accused sought by an appeal a review of the court’s ruling. Nevertheless, we express no opinion as to its effect in view of our conclusion that we lack jurisdiction to entertain this appeal.
It is our opinion that our laws relative to appeals in criminal cases contemplate matters arising preliminary to or during the course of the trial, and not to a post-conviction ruling such as the instant one which is not even provided for in our Code of Criminal Procedure. See the recent decision in State v. Bruno, 253 La. 669, 219 So.2d 490.
We have found no cases wherein this court has entertained an appeal from a ruling of the district court on the post-conviction, present sanity of an accused. To the contrary, in State ex rel. Lyons v. Chretien, 114 La. 81, 82, 38 So. 27, we refused to mandamus the trial judge to grant a suspensive appeal from a judgment refusing to call a sanity hearing following conviction. Again, in other such cases this court has exercised its supervisory power to review the rulings of the district court, thus indicating a belief on our part that there was no remedy by appeal. State v. Brodes, 157 La. 162, 102 So. 190, State v. Migues, 194 La. 1081, 195 So. 545 and State v. Allen, 204 La. 513, 15 So.2d 870.
In the Migues case the defendant had been denied an appeal by the district judge who advised him that his remedy was by way of application for remedial writs. In his application here the defendant sought both a review under our supervisory powers and a mandamus ordering the court to grant the appeal. We issued writs, and following a hearing we decided the case on the merits. The filed briefs (as well as the dissenting opinion) clearly indicate that the court gave consideration to the question of whether the proper procedure was to order the appeal or to take the case under our supervisory jurisdiction. As shown above, we chose the latter course.
For the reasons assigned the appeal is dismissed, reserving to the defendant whatever right he has to seek relief under our supervisory powers.