No. 8197.

STATE OF LOUISIANA VS. DAVID WILSON.

It is left to the sound discretion of the District Judge to determine what time should be allowed Counsel appointed by him to defend the accused, for the purpose of preparing his defense; and also to grant or refuse an application for a continuance on that score, made on the day of trial.

APPEAL from the Ninth Judicial District Court, parish of Concordia. *Hough*, J.

*G. F. Bowles* for Defendant and Appellant.

*Hiram R. Steele*, District Attorney, and *J. C. Egan*, Attorney General, for the State, Appellee:

First—The Supreme Court cannot revise a refusal to grant a continuance. A decision thereon involves a question of fact. State vs. Wilson, 23 An. 559.

Second—The time allowed counsel appointed by the court to defend the accused to prepare his defense is regulated by the judge *a quo*. State vs. Ferris, 16 An. 425.

Third—Continuances are left very much to the discretion of the presiding judge, and his refusal will not be revised on appeal, when it appears that no special reason is disclosed for delay. State vs. Vigoreux, 13 An. 309.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The defendant was indicted and tried for the crime of rape, upon a female child, under nine years of age, and on a verdict of guilty without capital punishment, was sentenced to imprisonment, at hard labor, in the State Penitentiary, for the term of his natural life.

On appeal to this Court, he complains that the District Judge illegally refused to grant him a continuance, prayed for on the day of trial, and to allow him a new trial, on the ground that the counsel appointed by the Court had not sufficient time to prepare his defense.

He was arraigned on the 7th of October, 1880. It does not appear that he asked for the appointment of counsel. 25 A. 382. Yet an attorney was appointed on the 14th to defend him, and the case was fixed for trial for the 16th following. On that day, a motion was filed for a continuance on the ground stated, supported by *affidavit*, but it was overruled. It stated no special cause for the delay. The attorney does not appear to have been shocked at the ruling. He did not resign his trust, 16 A. 425, but proceeded with the trial of the case, giving the accused his able and generous assistance. After a verdict of guilty, a motion was made for a new trial, but no attempt appears to have been made to show that by the refusal of the judge to continue the cause, the prisoner had sustained any injury, and that the judge should have granted the postponement of the case. The motion charged, besides, that the verdict was contrary to law and evidence.

It is left to the sound discretion of a District Judge, in such cases, to determine what time should be allowed counsel appointed by him to represent the accused, in order to prepare his defense. 16 A. 425. And, also, to pass upon applications for a continuance on the day of trial, 23 A. 559, as well as upon motions for a new trial. Unless it be shown that some special and sufficient reason was assigned and made good, in support of an application for a continuance, and that the District Judge acted arbitrarily and was guilty of a denial of justice, his rulings, in two instances, the one affirming the other, at different stages, particularly when the last was made on a motion after verdict, will not be

revised on appeal.   13 A. 309; 21 A. 290; 26 A. 422; 28 A. 46; 29 A. 595; 31 A. 179, 408.

We cannot, for a moment, suppose, that, had it been shown when the motion for a new trial was heard, that the continuance, which was asked and refused on the day of trial, should have been allowed; or, that the finding of the jury was contrary to law and evidence, and for either cause, that the accused did not have a fair and legal trial; the judge *a quo* would not, even on his own motion, have set aside.the verdict and granted the prisoner a new trial. We must, and do believe, that in acting as he has done, he has discharged his duties conscientiously and legally, and has done no injustice to defendant.

Judgment affirmed.