## No. 12,070.

## STATE OF LOUISIANA VS. WILLIAM PERRY, ALIAS WILLIAM LEWIS, ALIAS WILLIAM WILLIAMS.

The court is not bound to assign counsel to an accused unless upon his own request, and if he fails to make the request or to apply for a continuance on the ground of absence of counsel of record, but is ready for trial, the mere fact that the trial proceeded without the aid of counsel does not constitute error nor a ground upon which to base a demand for a new trial. 25 An. 381; 33 An. 979; 37 An. 606; 39 An. 19.

Declarations made by a defendant's counsel in a motion for a new trial that accused had a good defence is a mere conclusion. Facts should be set out by which the court could determine the correctness of the conclusion that the accused could have been relieved from the disadvantages referred to by the assistance of counsel.

APPEAL from the Criminal District Court for the Parish of Orleans. Moise, J.

M. J. Cunningham, Attorney General; Charles A. Butler, District Attorney, and John J. Finney, Assistant District Attorney, for Plaintiff, Apellee.

Conrad G. Collins for Defendant, Appellant.

Submitted on briefs March 14, 1896.
Opinion handed down March 23, 1896.

The opinion of the court was delivered by

NICHOLLS, C. J.   An extract from the minutes of the Criminal Court of January 14, 1896, shows that "the Assistant District At-

torney being present and the defendant, William Perry, etc., being placed at the bar of the court in custody of the sheriff, the State and the defendant being ready for trial, the jury was accepted, empaneled and sworn—certain witnesses were examined on the part of the State and cross-examined by the defendant—the defendant testified on his own behalf and was cross-examined by the State, and after hearing the evidence and instructions of the court the jury returned a verdict against the defendant, finding him guilty as charged.''

On the 16th an attorney representing defendant filed an application on his behalf for a new trial upon the following ground:

1. Because the accused had an attorney at law duly retained for his defence and he was tried without an opportunity of communicating with his said attorney or of having said attorney to represent him.

2. Because his said attorney sought to communicate with defendant while confined in the parish prison, but that another prisoner who answered to the named of Willie Lewis, by which name defend-was known and by which name said attorney asked to see defendant, was brought from a cell by the deputy criminal sheriff to his counsel, who was thereby mislead and believed, as he had the right to believe, that he was speaking to Willie Lewis the defendant, and that counsel was informed by said other Willie Lewis that he did not need his said attorney's services; that he had employed Mr. Lionel Adams as his counsel. Whereupon said defendant's counsel left the prison, believing that defendant had counsel, and defendant was produced in court by the criminal sheriff, and had to stand his trial without the assistance of counsel, and was deprived of the right granted him by law of being defended by his attorney so retained by him.

3. Because of said action of said deputy criminal sheriff defendant has been deprived of a constitutional right, and surprised into a trial when he had counsel to defend him who could have advised defendant and secured to him a proper representation of his defence before the court.

4. Because defendant had a good defence in his behalf, and was deprived of the right to urge the same by said surprise and actions of the said officers of the court.

Attached to this motion were the affidavits of B. A. Michel and

Conrad G. Collins, the latter being the attorney who filed the motion for a new trial, and who was referred to in the affidavit of Michel.

Michel deposed that he had retained Mr. Collins, as attorney for Willie Lewis, Saturday, January 11, 1896. That he handed to the attorney a card on which was written the words " Willie Lewis, cutting and wounding, parish prison." That card was the address given by him to Mr. Collins, to direct him to the defendant in the above entitled cause, who is the Willie Lewis known also as Perry and William.

Mr. Collins' deposition was first to the truthfulness of all the facts and allegations in the motion for a new trial. Deponent said he had read the affidavit of Michel; that the facts therein were true; that he visited the parish prison to confer with his client Monday, January 13, 1896, and asked for Willie Lewis, charged with cutting and wounding; that a prisoner also named Willie Lewis was brought to him, who declared that he had retained Lionel Adams as his attorney. Wherefore affiant left the parish prison, believing he had seen Willie Lewis, alias Perry, alias William, and that he had counsel.

But the court overruled the motion, stating that " the accused had announced in open court that he was ready for trial and made no mention to the court of the fact that his counsel was absent, or that he had engaged counsel, or that he desired counsel," and declaring that his failure to secure counsel was no ground for a new trial. Defendant's counsel excepted to this action and reserved a bill of exceptions, annexing thereto the application for a new trial.

In this bill the District Judge stated, as additional reasons for his ruling, that the defendant was an intelligent man and had no right to mislead the court into the trial of his case by announcing his readiness to go to trial and then move for a new trial because some one had employed counsel to defend him, who, by some accident, failed to do so; that the attorney was at fault, since the prisoner was not prosecuted as William Lewis, or Lewis, but as William Perry, alias Lewis, alias Williams; that under that name he was committed to the parish prison, and was there so registered on the prison list; that proper inquiry at the prison would have brought out the proper person.

In State vs. Doyle, 36 An. 91, the only ground suggested in the Supreme Court for relief was that the trial of defendant was had in

the absence of counsel. The court said the defendant was duly rep-represented by counsel. The case had been repeatedly fixed for trial and three continuances granted on the sole ground of the absence of counsel; that on the last trial counsel being again absent the case was proceeded with; that it did not appear that the defendant had applied to the court for an assignment, and therefore the record failed to show any violation of Sec. 992 of the Revised Statutes. The judgment appealed from was affirmed.

Counsel claim that the defendant was deprived of his constitutional right of having counsel.

Article 8 of the Constitution declares that "in all criminal prosecutions the accused shall enjoy the right to have the assistance of counsel." Sec. 992 of the Revised Statutes declares "every person shall be *allowed* to make his full defence by counsel learned in the law, and the court before whom he is tried, or some judge thereof, shall immediately upon his *request* assign to him such counsel as he shall desire."

The decisions of this court are to the effect that the court is not bound to assign counsel to an accused unless upon his own request, and if he fails to make the request or to apply for a continuance on the ground of absence of counsel of record, but is ready for trial, the mere fact that the trial proceeded without the aid of counsel to assist him does not constitute error or a ground on which to base a demand for a new trial. State vs. Kelly, 25 An. 381; State vs. De Serrant, 33 An. 979; State vs. Vianna, 37 An. 606; State vs. Walker, 39 An. 19.

The District Judge who presided at the trial who heard the witnesses on both sides, and the account given by the defendant himself of the circumstances of the case, was evidently not much impressed with the statement made in the motion for a new trial; that defendant had a meritorious defence, or that he had been aggrieved or injured by not having the assistance of counsel. This court, of course, knows nothing of the facts of the case, or of what took place on the trial. The declaration made by the defendant's counsel in the motion for a new trial, that accused had a good defence, is a mere conclusion. No facts are set out by which this court could determine whether that conclusion had any basis upon which to rest. There are no irregularities mentioned, no disadvantages referred to as being those from which accused could have been

relieved by the assistance of counsel. Defendant's case would have been much stronger had he shown that evidence which should not have been received had been permitted to be introduced, because accused was ignorant of his rights, or that evidence which could have been procured had not been procured, or if procured had been improperly rejected, because no one learned in the law was at hand to give the accused the benefit of his counsel. This case comes to us absolutely without any showing of injury, and under an adverse ruling of the District Judge upon a subject peculiarly his province to determine. The conversation which took place at the parish prison between counsel and the Willie Lewis with whom he had an interview is not given. It could scarcely have been limited to the precise remarks mentioned in the affidavits and motion. The inquiry made by counsel should have been pushed further than it seems to have been made, and he should have made some report to Michel, who (and not defendant) had in fact employed him, of what had occurred, and asked of him some explanation as to why he should have been superseded by another, as appeared to be the case. Michel himself should have told the accused of his having employed counsel for him if he was acting in his behalf independently of any instructions from him. We do not feel justified in granting defendant relief in the premises.

The judgment is affirmed.