BLANCHARD, J.
The accused was indicted for manslaughter. A jury returned a verdict of guilty, with recommendation to the mercy of the court, and he was sentenced to three years at hard labor. He appeals.
No bills of exception were taken during the trial.
Following his conviction, counsel employed after his trial to represent him, filed a motion for new trial, the grounds of which were:
(1) That he was deprived of his constitutional right to be represented by counsel learned in the law.
(2) That he was not accorded the process of the court and reasonable time in which to secure the attendance of his witnesses.
(3) Newly discovered evidence.
(4) That the verdict was contrary to the law and the evidence.
Evidence was adduced in support of this *531 motion and three bills of ¡exception were taken to the exclusion of certain testimony-tendered.
None of these bills have been found to have merit. It is not deemed necessary to go into their discussion, since the main reliance here, as shown by brief of defendant’s counsel, is upon the first two grounds of the motion, viz: — that he was not represented at the trial by counsel, and his witnesses were not subpoenaed.
Both of these contentions are effectually disposed of by the statement of the trial judge, who was sworn as a witness, on the trial of the motion, at the instance of the defendant.
His testimony is as follows:
AT. J. Gray, sworn for the defendant, says: “The accused was brought into court, for the purpose of having him arraigned, on Monday morning, the 13th of October. He was asked by the court if he had employed counsel to defend him and he stated he expected Mr. Hatch, his employer, to procure counsel for him. Mr. Hatch came into court very soon and desired to have a conference with the accused. The accused and Mr. Hatch retired into one of the rooms of the courthouse for the purpose of having a conference. Mr. Broadway went into the room, where they were, soon afterwards. They remained in the room, I suppose, 15 or 20 minutes, when they returned into the court room and it was announced to the court that Mr. Broadway would represent the accused by power of attorney, to which the district attorney consented, and Mr. Broadway stated that he was prepared to go to trial, and the case was fixed for trial for that afternoon by consent of Mr. Broadway and the district attorney.”
Broadway was a neighbor of Hatch, the employer of the accused, and while he was not a member of the bar he had been a justice of the peace and had such knowledge of law and legal procedure that both the accused and Hatch, who was assisting him in his trouble, deemed it safe to intrust him (Broadway) with the defense.
It thus appears that the accused had counsel of his own selection. He cannot now be heard to complain that one was not appointed to him. The object of the judge in asking him if he had counsel to defend him was, doubtless, to appoint one if he had none, or was unable to employ counsel. I-Iis. action in intrusting his defense to Broadway was a waiver of his right to have a member of the bar appointed to defend him.
Broadway announced his readiness for the trial that day. He could have had the process of the court for the obtaining of witnesses had he desired it. No subpoenas were asked to be issued. It seems Broadway, Hatch and the accused relied- upon the defense’s witnesses being present at the trial without being subpoenaed.
AThen the case was called for trial in the afternoon no objection was made, and the trial was proceeded with as had been agreed upon in the forenoon by Broadway and the district attorney.
After this the accused is without cause of complaint that he was not accorded the process of the law and reasonable time to-procure the attendance of his witnesses.
The district attorney states Broadway managed the defense with considerable dexterity and that he argued the case to the jury for over an hour ably and to the point.
The requirement of the Constitution (article 9), that the accused shall have the right to defend himself, to have the assistance of counsel and to have compulsory process for-obtaining witnesses in his favor, was reasonably met in the case.
So also was the provision of the statutory law (Rev. St. § 992) that the trial judge shall, upon the request of an accused person, “assign to him such counsel as he shall desire.”
Nor was there undue haste in the matter of the trial. The killing occurred September 13, 1902; preliminary examination was had some five or six days later; indictment was returned on October 3d; and the final trial occurred October 13th.
Judgment affirmed.