(35 South. 559.)

No. 15,022.

STATE v. LEARY.

(Dec. 14, 1903.)

CRIMINAL LAW—CONTINUANCE—SUFFICIENCY OF MOTION.

1. A motion and affidavit for a continuance which do not set forth the names and residences of the witnesses, nor the facts which they are expected to prove, nor their materiality to the case, nor why their presence cannot be had, are fatally defective. 1 Bishop on Crim. Proc. p. 571.

2. It is left to the sound discretion of the district judge to determine what time should be allowed counsel for the purpose of preparing the defense, and his ruling will not be revised on appeal unless it is shown that he acted arbitrarily and was guilty of a denial of justice. State v. Wilson, 33 La. Ann. 261.

(Syllabus by the Court.)

Appeal from Fifth Judicial District Court, Parish of Winn; Marion Franklin Machen, Judge.

Will Leary was convicted of selling liquor without a license, and appeals. Affirmed.

Kidd & Wallace, for appellant. Walter Guion, Atty. Gen., and Allen Byber Hundley, Dist. Atty. (Lewis Guion, of counsel), for the State.

LAND, J. Defendant was found guilty of selling spirituous liquors without a license, and was sentenced to pay a fine of $500 and costs, and in default of payment thereof to be imprisoned for two years in the parish jail.

Defendant relies for the reversal of the sentence on a bill of exception taken to the overruling of his motion for a continuance.

The grounds for this motion are stated as follows, viz.: "That the bill against him was only found and presented on Thursday morning, the first day of the term of court; that he had been unable on account of the short time elapsing since his arrest to properly prepare for his defense; that on account of the rapidity of the proceedings he has been unable to summon his witnesses or his counsel to confer with them, and to properly prepare for his defense; that the application was not made for delay, but in order that substantial justice may be done in the premises. He avers that he will be ready for trial at the next term of court."

This motion was overruled, the trial judge stating that the offense was committed within five blocks of the courthouse on September 30, 1903, and the accused was at once arrested; that the trial was fixed for the next day, but was continued until October 2d, and finally reset for October 3d; that the defendant did not summon any witnesses; and that no good or legal reason was shown why the trial should not be had.

The motion and affidavit do not set forth the names and residence of the witnesses, the facts which they are expected to prove, their materiality to the case, and why their presence cannot be had.

Therefore the motion was properly overruled. 1 Bishop on Crim. Proc. p. 571.

The trial was speedy, but there is nothing to show that the judge acted arbitrarily, and

was guilty of a denial of justice. State v. Wilson, 33 La. Ann. 261.

Sentence affirmed.