LAND, J.
The defendant was indicted for robbery, tried, found guilty, and sentenced to the penitentiary for seven years.
Defendant has appealed, and relies for reversal on a single bill of exception and an assignment of errors.
Bill of Exception.
Defendant moved for a new trial on three different grounds, which will be considered in their order.
1. The objection that the verdict was contrary to the law and the evidence raises a mixed question of law and of fact, not reviewable in this court.
2. Separation of the jury. We find the •following statement from the judge embodied in the bill of exception, to wit: “The member of the jury, Brackin, stepped a few steps from the jury box to get his hat in the courtroom, under the eye of the court and the officer, joining the rest of the jury before they had left the courtroom, and the same did not in any way prejudice the defendant.” The evidence taken on the trial of the motion urns annexed to the bill. After the charge to the jury, the members of that body were proceeding to leave the courtroom for the jury room, when the juror Brackin diverged for the purpose of getting his hat, which was under a seat occupied by one Colbert, about 15 feet from the jury box. Brackin said to Colbert, “Let me get my hat,” and, having gotten it, rejoined the jurors as the last of them were filing out of the door. The incident took place in the presence of the judge, sheriff, and deputies. Bishop, in his work on Criminal Procedure, (volume 1, § 99'4), says:
“Jurors are at all times under the control of the presiding judge; especially, therefore, when in his presence in open court. Without his leave a juror should not separate himself from his fellows, converse with outside persons, fall asleep during the trial, or take minutes of the evidence. But a mere inadvertent irregularity of this sort, not extreme, where no corrupting influence has reached the juror, and no harm has been done, will not require the setting aside of the verdict.”
In the case at bar there was no misconduct, and, if there was a separation, it was merely technical. Where the juror is in the presence of the court or of an officer, there is no presumption of prejudice, even in a capital case. State v. Veillon, 105 La. 411, 29 South. 883.
3.The third ground is based on alleged newly discovered evidence. . The motion recites that defendant had learned since the trial that he could prove by Ben Pierce, then present in the parish of Webster, that defendant did not rob Sebe Redmond nor take any money away from him. The judge in his per curiam says:
*1039 ' “The absent- witness’ evidence would not change the verdict of the jury or the judgment of the court.
The motion was sworn to but no affidavit of Ben Pierce was annexed.
Motions for new trial on this ground are addressed largely to the discretion of the trial judge, and his ruling should not be reversed, unless manifestly erroneous.
TVe do not know what evidence was adduced on the trial of the case. It may have been so cogent that the testimony of the absent witness would not amount to a feather in the scale. A new trial will not be granted on account of newly discovered evidence, when such evidence is merely cumulative, Knobloch’s Criminal Digest (1887) p. 335. This ground is supported by no evidence or statement of facts. The defendant states that, if the evidence of this witness is produced, he believes that a different verdict will be rendered.
The trial judge states that the testimony of the absent witness would not change the result. Motions for new trial on this ground are looked upon with suspicion, and must be corroborated by the affidavit of other persons than the accused, and, if possible, by those of the newly discovered witnesses themselves. State v. Jones, 112 La. 980, 36 South. 825. The motion gives no excuse for the failure to obtain and annex the affidavit of the witness then present in the parish.
Our conclusion is that the motion for a new trial was properly overruled.
The assignment of errors, even if filed in time, is without merit. Such errors must appear on the face of the record. The first and second, in substance, are that the defendant was not represented by counsel in any of the proceedings prior to verdict, and the court did not appoint any one to represent him. In State v. Malone, 37 La. Ann. 267, a similar assignment of error was-filed, and the court disposed of it as follows:
“The record does not show that the accused asked for the appointment of counsel, and that the court refused his motion, and that a bill was reserved to the refusal of the judge.”
The authorities are numerous to the effect that the duty of the court to appoint counsel arises only -where the accused makes such a request and is unable to employ counsel.
See, among others, State v. Ziord, 30 La. Ann. 867; State v. Doyle, 36 La. Ann. 91.
The third error assigned is that the defendant was not asked by the court, previous to sentence, if he had anything to say why sentence should not be passed upon him.
This formula is not essential, except in capital eases. See Knobloch’s Digest (1887) p. 372.
Judgment affirmed.