O’NIELL, J.
The defendant appeals from a verdict convicting him of murder, without capital punishment, and from a sentence of lifetime imprisonment.
Complaint is made, in an assignment of errors in appellant’s brief, of the overruling of a motion for a continuance. The motion was based upon the allegation that the attorney who had charge of the defense was absent because of illness, and that his associates were not prepared to defend the ease.
The minutes of the trial show that the defendant’s counsel reserved a bill of exceptions to the overruling of the motion for a continuance; but it does not appear that a formal bill of exceptions was presented for the signature of the judge.
[1] The granting or refusing of a motion for continuance, based upon the absence of one of the attorneys representing the defendant in a criminal prosecution, is a matter so largely within the discretion of the trial judge that an appellate court cannot intelligently review his ruling without full knowledge of the circumstances and of his reasons for the ruling. That knowledge can be brought up to the appellate court only by presenting a formal bill of exceptions to the trial judge, and allowing him to submit a statement per curiam. An assignment of errors, showing only the defendant’s side of the controversy, does not serve the purpose. That method of obtaining a reversal of a ruling in a criminal case cannot avail, unless the record discloses both sides of the issue presented.
[2] The first bill of exceptions In the record discloses that, during the trial the father of the boy who was slain was recalled to the witness stand for the purpose of impeaching him by inquiring whether a certain con-. versation had taken place between the witness and the defendant a few minutes before the killing. The substance of the alleged conversation was that the defendant said that he believed the witness’ boy intended to kill him (defendant), and that the witness replied, “He sure’ will kill you, and if you hurt him I will kill you myself.” The *537 district attorney objected to the question on the ground that it was irrelevant, and the objection was sustained. It is stated in the bill of exception that the purpose was to show the condition of mind of the defendant at the time of the homicide, and to show that he acted, not with malice aforethought, but in heat of passion, if not in self-defense. From the statement that the witness was recalled, and that the purpose of the question was to impeach him, we assume that he had already testified on behalf of the state. But there is no indication of what the witness had testified to, or that his testimony was important. Without knowing what was the testimony sought to be impeached or contradicted, we cannot say that the judge erred in excluding the testimony offered for the purpose of impeachment.
[3] When the defendant was testifying in his own defense, his attorney asked him whether the conversation referred to above, with the father of the deceased, had occurred 10 or 15 minutes before the killing. The district attorney objected, on the ground that the alleged conversation was no part of the fatal difficulty, and was irrelevant. The objection was sustained, and another bill of exceptions was reserved to the ruling. It appears from the statement per curiam that the boy whom the defendant afterwards killed was not present during the alleged conversation between the defendant and the boy’s father, and that the parties to the conversation had separated when the fatal difficulty occurred. Without any proof that the boy whom the defendant killed provoked the difficulty, the conversation sought to be proven could not have been such provocation for the killing as to reduce the crime from murder to manslaughter. Proof of the alleged conversation, therefore, was properly excluded.
[4] A bill of exception wás taken to a ruling excluding evidence of the reputation of the deceased as a man of dangerous and desperate character. The objection to the evidence was that there was no proof that the deceased had provoked the difficulty, or made any hostile demonstration, or committed any overt act towards the accused before the killing. The testimony relied upon by the defendant to show that the deceased was the offending party in the difficulty is attached to the bill of exceptions; and, assuming that it is all of the evidence offered on the defendant’s side of the question, we find no evidence that the deceased was the aggressor, or provoked the difficulty. On the contrary, the evidence submitted by the defendant on that question was completely against him, and left no issue as to who was the aggressor in the fatal difficulty. Evidence of the dangerous or desperate character of the deceased, therefore, was not admissible.
[5, 6] In his argument before the jury, the district attorney declared that he never prosecuted cases that were without merit, and said, in effect, that he selected the strongest cases to prosecute. The defendant’s attorney promptly objected and took exception to the statements; and the judge then said that the jury would pay no attention to such remarks of the district attorney, as they were irrelevant. Although it was indeed wrong for the district attorney to attempt to impress the jury with his .own opinion of the guilt of the defendant, from other evidence than what was heard on the trial by the jury, it is not likely that the improper remarks of the district attorney had any influence upon the jury after the judge gave the instruction that the remarks were irrelevant, and should be disregarded.
The verdict and sentence appealed from are affirmed.