(100 South. 610)

No. 26270.

## STATE v. BRODES.

(March 3, 1924. Rehearing Denied by the Whole Court June 6, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law ⬳641(1)—Counsel should be appointed for defendant in capital case before arraignment.**

It is the better practice in a capital case that court, where necessary to do so, should appoint counsel before arraignment.

2. **Criminal law ⬳1064½, 1092(13)—Nothing before reviewing court where bills of exception not signed and motion for new trial not sworn to.**

Nothing properly appears to present matter to court where bills of exception were not signed by judge, and motion for new trial was not sworn to by any one, and, although overruled and a bill of exceptions reserved, it was not prepared and presented for signing.

3. **Criminal law ⬳1144(7) — Presumed that denial of continuance in capital case proper.**

Court *held* to have presumably exercised a sound and just discretion in denying a continuance in a capital case for insufficiency of time to prepare defense, counsel having 5 days in which to prepare, and nothing new appearing in motion for new trial, except averment that accused had been discharged from army on charge of insanity.

4. **Criminal law ⬳740—Insanity at time act charged was committed properly submitted to jury with other issues of fact.**

If it be contended that accused was suffering from insanity at time act charged was committed, then matter is properly submitted to jury with other issues of fact in case.

**5. Criminal law ⚖➾740—It being alleged that accused has become insane since crime, question one for court.**

If it is alleged that accused has become insane since crime, and is so suffering when his case is called for fixing and trial, or that he has become insane since trial, and is so suffering, question is one for court, without intervention of jury.

**6. Criminal law ⚖➾1134(10), 1158(1)—Decision of court as to insanity reviewable on appeal.**

Decision of court as to sanity of accused after crime or after trial are reviewable on appeal, both on law and facts.

**7. Criminal law ⚖➾1160—Verdict of jury forecloses matter of sanity at time of alleged offense.**

When issue of sanity is submitted to jury as affecting question of innocence or guilt, and no contention is made that defendant is or was insane at trial, or has become so since, matter is foreclosed by verdict of jury and ruling of judge on motion for new trial.

**8. Criminal law ⚖➾625—Insane person cannot be legally tried.**

No one can be legally tried who is mentally irresponsible to such an extent as to prevent a reasonable appreciation of what is taking place.

**9. Criminal law ⚖➾981(1) — Insane persons ⚖➾86—Effect of insanity after trial.**

Where accused becomes insane after trial, conviction and sentence to hanging should stand, and he should be committed to asylum and remain until reason is restored, when penalty of law may be inflicted.

Appeal from Criminal District Court, Parish of Orleans; Richard A. Dowling, Judge.

William Brodes was convicted of murder, and appeals. Sentence set aside, and cause remanded with instructions.

Wm. R. Kinsella and Joshua J. Brown, both of New Orleans, for appellant.

A. V. Coco, Atty. Gen., Robert H. Marr, Dist. Atty., of New Orleans, and Chas. G. Gill, Asst. Atty. Gen. (T. S. Walmsley, of New Orleans, of counsel), for the State.

By the WHOLE COURT.

DAWKINS, J. Defendant was convicted of murder and sentenced to be hanged. He was unable to employ counsel, and was represented in the court below by an attorney appointed by the court.

[1] The indictment was returned and filed on July 20, 1923, and the accused was arraigned and pleaded not guilty on the next day, without the aid of counsel, and thereafter, in the same minute, it is noted that counsel was appointed and the case set for trial on July 24th. On the latter date the case was continued upon verbal motion of defendant's counsel until July 27th. We think the better practice would be, in a capital case, that, where it is necessary to do so, the court should appoint counsel before arraignment, in order that all legal rights of accused may be asserted if desired and none waived.

When the case was called on July 27th defendant's counsel moved (again verbally) that the "court * * * appoint a commission to inquire into the sanity of the defendant, * * * which the court refused." Counsel then "moved the court for a continuance in the above case which the court refused."

Neither of these motions was written or sworn to; hence none of the essential allegations were made (save in the meager form set up in the brief and informal bills of exception which we shall hereafter discuss). If the matters covered thereby were to be seriously urged before the court, counsel should have requested and the court should have granted time in which to properly present them for ruling.

The only two bills of exception found in the record are as follows:

"Bill of Exceptions No. 1.

"Before the trial of the cause, Mr. K., counsel for defendants Brodes and Gonzales, made the following motion in open court:

"This is a motion by which counsel for defense desires that the court appoint a commission to inquire into the sanity of William

Brodes because in the past several days he has been making irresponsible and irrational confessions and admissions.

"By the Court: The motion is refused.

"By Mr. K.: To which ruling of the court I reserve a bill of exceptions.

### "Bill of Exceptions No. 2.

"Before the trial of the cause, Mr. K., counsel for defendants Brodes and Gonzales made the following motion:

"In view of the fact that counsel for the defendants being only appointed last Saturday, and that they have not been able to prepare properly the defense of accused, they now move the court for a continuance until Tuesday."

"By the Court: The motion is refused.

"By Mr. K.: I reserve a bill of exceptions."

A motion for a new trial was filed, in which it was alleged, in addition to the customary formal averments:

"That since the trial of the cause, mover has discovered new evidence important to the cause, which could not, with due diligence have been obtained, which is as follows:

" 'That defendant was discharged from the United States army for insanity and before the trial had been suffering from present insanity.' "

[2] The bills of exception above quoted were not signed by the judge; the motion for new trial was not sworn to by any one, and, although overruled and a bill of exceptions reserved, it was not prepared and presented for signing, and hence nothing properly appears to present the matter to this court.

In view of the grave character of this case we shall proceed to consider the questions raised by the imperfect bills, taking them up in reverse order.

### Bill No. 2.

[3] This bill is reserved to the overruling of the motion for continuance, and as will be seen from its quoted verbiage, it only raises a question of the sufficiency of the time allowed counsel to prepare the defense. Nothing appears to support the motion, other than its bare allegation, and since counsel had five full days in which to prepare, nothing new bearing upon the question of guilt or innocence having been urged in the motion for new trial filed August 3d (save the averment that accused had been discharged from the army on account of insanity), we are not justified in disturbing the ruling of the trial court upon a question as to which he presumably exercised a sound and just discretion. State v. Johnson, 36 La. Ann. 852; State v. Wilson, 33 La. Ann. 261; State v. Bridges, 109 La. 530, 33 South. 589; State v. Leary, 111 La. 301, 35 South. 559; State v. Satcher, 124 La. 1015, 50 South. 835; State v. Harpher, 143 La. 534, 78 South. 845.

### Bill No. 1.

[4-7] As pointed out in the recent case of State v. Cropper, 153 La. 545, 96 South. 116, the question of the sanity of the accused is one which must, dependent upon the time when it is alleged to have existed, be determined by the court without a jury, or by the jury alone, subject to the right of the judge to pass thereon upon the motion for new trial along with the other facts in the case. If it be contended that the accused was suffering from insanity at the time the act charged was committed, then the matter is properly submitted to the jury with the other issues of fact of the case. But, if it be alleged that accused has since become insane, and is so suffering when his case is called for fixing and trial, or if it is contended that he has become insane since the trial, and is presently so suffering, the question is one which the court, without the intervention of a jury, but pursuant to the statute, is required to decide; and when so passed upon by the court alone, the ruling, both upon fact and law, is reviewable by this court. On the other hand, when the issue is submitted to the jury alone, as affecting the question of innocence or guilt—that is, that the act was

committed while insane, and no contention is made that defendant is or was insane at the trial, or has become so since—the matter is foreclosed by the verdict of the jury and the ruling of the judge on the motion for new trial, and cannot be reviewed by us any more than any other fact in the case.

[8, 9] In the present case the question was raised both before and after the trial, although the bill to the overruling of the motion for new trial, as heretofore stated, was not prepared and signed. Under the extraordinary circumstances above related, we think justice requires that we should order an investigation into the mental condition of the accused both before the trial and at present. If it should be found that he was insane when placed on trial, then the verdict should be set aside, and a new trial granted, for no one can be legally tried who is mentally irresponsible to such an extent as to prevent a reasonable appreciation of what is taking place. In such conditions there would be no more sense or justice in trying a human being than there would a dumb animal. If it should be found that he was not insane at the time of trial, but became so afterwards, the conviction should stand, and he should be committed to one of the asylums for the insane, to remain until his reason is restored, when the penalty of the law may be inflicted, all as the statutes provide.

For the reasons assigned, the sentence of the lower court is set aside, and this cause is remanded, with instructions to try and determine, first, the question of whether accused was insane when tried, and, if so, then to grant a new trial; otherwise to decree that the conviction shall stand; and, second, it is ordered that said court also try and determine the issue as to whether defendant has become insane since the trial, and in that event to direct his commitment to a state institution, to be held until sanity is recovered, when he is to be dealt with as the law provides. And if it should be found that he was not insane when tried, and is not presently so suffering, then he shall be resentenced, all according to law and the views herein expressed.

Rehearing refused by the WHOLE COURT.