ROGERS, J:
 

 Appellant was indicted and tried for the crime of rape. He was found guilty without capital punishment, and was sentenced to life imprisonment in the state penitentiary.
 

 . The transcript contains two bills of exception, in which complaint is made of the action of the trial judge in refusing to grant defendant’s motion for a continuance and to allow him a new trial, on the ground that his counsel appointed by the court had not sufficient time to investigate the case and to prepare his defense. '
 

 The record shows that when defendant was arraigned, three weeks prior to the date fixed for the trial, he appeared without counsel. At that tim’e he was asked by the trial judge if he desired the court to assign him counsel. 1-Iis answer was that he was negotiating with a lawyer to represent him. Defendant was then instructed by the court, that, should he be unable to secure a lawyer, to so advise the court, who would appoint one to represent him. The court did not receive any notice that defendant had no attorney until the day fixed for the trial, when he appeared in court unrepresented by counsel. At that time defendant informed the trial judge, in response to his questions, that he had no lawyer and no witnesses to be summoned. Whereupon, the court assigned three members of the bar to represent the defendant, and the case was. continued until the next day.
 

 On the following day a motion was filed for a continuance on the ground that the-counsel appointed by the court had no knowledge of their appointment until the morning of said day just before the ease was called for trial, and that they should be given time in which to investigate the case and make a proper defense,, they having less than an hour in which to discuss the case with the defendant. This motion was not supported by affidavit of either defendant or of his counsel. It set forth no special cause for delay. After the verdict of the jury and before sentence, a motion was made for a new trial, but no attempt was made in the application to show wherein the refusal of the judge to. continue the case had injured the defendant. The statement per curiam, attached to bill, of exception No. 2, shows that:
 

 “The evidence was clear and undisputed, except by accused, that he, accused, by threats and display of a pistol terrorized two of the-women (he and they being strangers to each other, and all bunched together in a house on Mr. Stanga’s property for the purpose of packing. strawberries) and raped them. As stated, in per curiam to bill No. 1, all the adults pres
 
 *593
 
 ent in the house testified and Mr. Stanga, owner of the farm, testified as to complaints the next day. The evidence was conclusive.”
 

 The following language of the opinion in State v. Satcher, 124 La. 1015, 50 So. 835, is appropriate here, viz.:
 

 “The crime with which defendants are charged is said to have been committed on April 3, 1909. They were arrested June 2.3d, and indicted July 13th, and their ease was not set down for trial until July 21st following. It was their privilege, immediately on being arrested, to request the court to assign them such counsel as they desired (Rev. St. § 992), but the court was under no obligation to make the assignment until the request had been made. State v. Romero, 5 La. Ann. 24.
 

 “If, being able to employ counsel, they delayed doing so until the day fixed for trial, the same situation is presented; i. e., they could not pretend that they had exercised proper diligence,” or any diligence. “The fact that until the night of July 19th no counsel had been regularly assigned or employed to take charge of their defense was due entirely to their own inaction, and (conceding for the moment that the counsel then employed did not have time to prepare their defense) the question which presents itself is whether a defendant in a criminal prosecution ought to be allowed by his own deliberate action to obstruct the administration of criminal justice, and to force a postponement of the trial of a case which ought to be tried. Considering the law and the rules of practice by which proceedings in courts of justice are generally governed, the question thus propounded would ordinarily be answered in the negative. The defendant in such prosecution may, if he choose, dispense with counsel altogether, and undertake to conduct his own defense, but he certainly can have no right, after neglecting or refusing to take legal advice up to the moment his case is called for trial, or within a short time before, to force a continuance on the ground that the counsel whom he then concludes to employ, or to accept had not had time to prepare himself.
 

 “The state is, however, equally interested that those who are innocent shall not, as that those who are guilty shall, be punished for crime, and, by concensus of judicial opinion, a broad discretion is vested in the courts of the first instance, to the end that no citizen, however neglectful he may be of his own interest, shall be denied the opportunity, when prosecuted, of presenting his defense in a fair and impartial trial. The exercise of such discretion should, however, be based upon -accurate knowledge of the true situation, such as does not, and' cannot ordinarily reach, the courts of last resort, and hence in such matters it is only where-the ruling of the trial judge would work an injustice which is manifest, or, in other words, where the discretion is abused and the ruling arbitrary, that the appellate court will interfere. State v. Wilson, 33 La. Ann. 261; State v. McCarthy, 44 La. Ann. 323. 10 So. 673; State v. Bridges, 109 La. 530, 33 So. 589; State v. Leary 111 La. 301, 35 So. 559; State v. Golden, 113 La. 800, 37 So. 757.”
 

 Under the circumstances of this case, we are unable to see wherein the ruling of the trial judge worked any injustice upon the-defendant or constituted an abuse of his legal discretion in matters of continuance.
 

 The verdict and sentence appealed from, are .affirmed.