(131 So. 295)

## STATE v. DAVIS.

No. 30759.

Nov. 3, 1930.

Rehearing Denied Dec. 1, 1930.

Cliff Davis, in pro. per.

Percy Saint, Atty. Gen., John Fred Odom, Dist. Atty., and Fred S. Le Blanc, Asst. Dist. Atty., both of Baton Rouge, and E. R. Schowalter, Asst. Atty. Gen., for the State.

THOMPSON, J.

The defendant appeals from a sentence for possessing intoxicating liquors for sale for beverage purposes.

The record contains no bill of exception, no assignment of error, and no error patent on the face of the record which would justify this court in remanding the case for a new trial.

The defendant has filed in this court in person a typewritten brief in which he says that he had stated to the court below when the case was called for trial that he had not been able to employ counsel, and that he had asked the court to appoint an attorney to represent him, which the court refused to do; that he then informed the court that he was not ready to go to trial, and would like to have one week more, in which time he felt that he could raise the money to employ counsel, and this motion was refused.

There is nothing in the record, other than defendant's brief, to show that any request was made to have counsel appointed to represent the defendant.

■ It is true the Constitution declares that in all criminal prosecutions the accused shall enjoy the right to have counsel to assist him in his defense, but it has never been considered the mandatory duty of the court to provide counsel for an accused where he has not secured counsel himself and has made no request for the court to assign him counsel.

Section 992 of the Revised Statutes only requires the court to assign counsel when a request therefor is made, and the decisions of this court have been uniform to the effect that the court is not bound to appoint counsel to represent an accused unless a request to do so is made.

■ And the mere fact that the trial proceeded without the aid of counsel to assist the accused when no request has been made does not constitute error or a ground for a new trial. State v. Perry, 48 La. Ann. 651, 19 So. 684, and authorities there cited.

This rule was applicable to prosecutions for both misdemeanors and felonies prior to the adoption of the Code of Criminal Procedure.

Under the Code (article 143), however, the judge is not required to appoint an attorney in a misdemeanor case, and in a felony case only when requested on proper motion supported by affidavit.

■■ The minutes of the court show that, when the case was called for trial on the day specially fixed, the defendant made a verbal motion for a continuance, as he had not been able to provide himself with counsel, and he was not financially able to employ counsel, but that he expected to arrange his finances in such a way to provide himself with counsel within another week.

The accused was arraigned on May 8th, and the case was then set down for trial on May 15th, without any objection on the part of the accused.

The defendant had been allowed a full week after arraignment to provide himself with counsel, and the court was doubtless of the opinion that the motion for a continuance was made purely for delay. The matter was within the discretion of the court, and we find no abuse in the exercise of that discretion to the defendant's prejudice.

The sentence is affirmed.