FOURNET, Chief Justice.
 

 Defendant, Joseph LeRoy Hilaire, when called for arraignment on seven charges by bills of information, six with having committed simple burglary and one with the theft ■ of a bicycle, pleaded guilty to each offense, waived legal delays, and requested the court to pass sentence on him forthwith ; whereupon he was sentenced to serve at hard labor in the State Penitentiary for a period of five years on each burglary charge and two years on the theft charge, the sentence for theft and for three of the burglary charges to run concurrently with the sentence first imposed. On the next day the defendant filed a motion through counsel for an appeal, based on the suggestion “that the record * * * shows error to his'prejudice.”
 

 Counsel for the defendant contends that, under the provisions of Article I, Section 9 of the Constitution of Louisiana, the defendant, being charged with a felony, was entitled to the assistance of counsel learned
 
 *975
 
 in the law to defend him; and that the failure of the trial judge to assign counsel to defendant constitutes a violation of the due process clause of the Fourteenth Amendment to the Constitution of the United States. He further contends that the State did not sustain the burden of proving that the defendant was over the age of 17 years when the alleged crimes were committed, and that by his plea of guilty defendant did not waive his right to allege, plead and prove his age.
 

 The right to defend one’s self when charged with a felony, or to have the assistance of counsel to aid in such defense, did not exist under the common law as practiced in England until the year 1836, when by act of Parliament the full right was granted in respect of felonies generally. However, that harsh procedure was never accepted in this country; and when the thirteen colonies sought to band together, they made certain to secure this human right which they considered inalienable and consented to uniting under a constitutional form of government only when assured of the right to defend one’s self in criminal prosecutions and to have the assistance of counsel for such defense, Sixth Amendment, U. S. Constitution. The constitutions of the various states contain ■similar provisions, and in the Bill of Rights of the Louisiana Constitution of 1921 is contained the provision that “No person shall be deprived of life, liberty or property, except by due process of law. * * * ” Art. I, Sec. 2, as well as the following provisions : “In all criminal prosecutions the accused shall have the right to a speedy public trial by an impartial jury; * * * The accused in every instance shall have the right to be confronted with the witnesses against him; he shall have the right to defend himself, to have the assistance of counsel, and to have compulsory process for obtaining witnesses in his favor * * Art. I, Sec. 9. The Bill of Rights of the several preceding Constitutions of the State contain provisions similar to those quoted above. See: Const, of 1913, Art. 9; Const. of 1898, Art. 9; Const. of 1879, Art. 8; Const. of 1868, Art. 6; Const. of 1864, Art. 105; Const. of 1852, Art. 103; Const. of 1845, Art. 107; Const. of 1812, Art. 6, Sec. 18.
 

 In order to- safeguard'this right, the lawmakers of our State, in adopting the Code of Criminal Procedure in 1928, under the heading "Right to Counsel,” incorporated the provision that “The accused in every instance shall have the right to defend himself and to have the assistance of counsel * * * ”, Art. 142, C.C.P.; and in order to make secure this right to an accused who is unable to procure or employ such counsel, incorporated the further provision that “Whenever an accused charged with a felony shall make affidavit that he is unable to procure or employ counsel learned in the law, the court before whom he
 
 shall he tried,
 
 or some judge thereof, shall immediately assign to him such counsel; * *
 
 *977
 
 Art. 143, C.C.P. (Emphasis supplied.) This was but a codification of the prior existing law, with slight modifications. See Revised Statutes, Sec. 992, and the jurisprudence thereunder.
 

 It has been the universal practice and procedure in the trial of all criminal cases in this State to furnish the accused, upon his request in proper cases, with counsel to assist him in the trial and defense of his cause, and the trial judge’s failure to do so constitutes a reversible error, State v. Blankenship, 186 La. 238, 172 So. 4; State v. Neely, 186 La. 171, 171 So. 840, but the court need not appoint counsel for the accused unless he requests it, State v. Kelly, 25 La.Ann. 381; State v. Ziord, 30 La.Ann. 867; State v. Doyle, 36 La.Ann. 91; State v. Perry, 48 La.Ann. 651, 19 So. 684, and authorities there cited; State v. Whitesides, 49 La.Ann. 352, 21 So. 540; State v. Sims, 117 La. 1036, 42 So. 494; State v. Charles, 130 La. 683, 58 So. 509; State v. Williams, 162 La. 590, 110 So. 766; State v. Davis, 171 La. 449, 131 So. 295, and -where the defendant, charged with a felony, pleads guilty (except in capital cases where such pleas are prohibited under our law) without the assistance of counsel, he has no valid cause for complaint, State v. Crane, 121 La. 1039, 46 So. 1009.
 

 Counsel for the defendant, relying on the case of State v. Youchunas, 187 La. 281, 174 So. 356, contends that the trial judge committed reversible error patent on the face of the records in that the minutes of court fail to show that the accused was represented by counsel at the time of his arraignment and his entry of pleas of guilty. In that case the defendant, who was tried for the offense of breaking and entering in the nighttime, did not plead guilty, as did the accused here, but protested his innocence, went to trial even without the assistance of counsel, and upon his conviction persevered in the attempt to prove his innocence by appealing to this Court; and while the Court in that case, after finding certain irregularities, did use language in the opinion which seems to support defendant’s contention, the same is not only without precedent or legal basis but is directly contrary to the law, the procedure, and the established jurisprudence. We will therefore not follow that decision and in the interest of uniformity of practice and procedure it is hereby overruled.
 

 For us to hold otherwise at this time, after the several courts of this State have been accepting pleas of guilty on arraignment without assigning counsel to the accused under the practice and procedure long prevailing, would only serve as an avenue for the release of a majority of the inmates of the Louisiana State Penitentiary who are now serving under pleas of guilty.
 

 We therefore conclude that the defendant, having been convicted and sentenced on his own plea, without suggesting to the trial judge that he needed or wanted the assistance of counsel in making said plea, was not deprived of his liberty
 
 *979
 
 without due process because of the failure of the minutes to show that no counsel was appointed to represent him.
 

 The defendant’s second contention, that the State did not sustain the burden of proving the defendant was over the age of seventeen years when the alleged crimes were committed, is equally without merit. Counsel does not contend that the offenses were not committed on the dates alleged in the informations, but argues rather that the State “did not sustain the burden of proving that the minor child, was over the age of seventeen years when the alleged crimes were alleged to have been committed.” In this respect he is not supported by the record, which shows that the age of the accused was judicially determined before sentence was passed. In this, the learned trial judge is supported by the only evidence which we find in the record, a baptismal certificate showing that the defendant was born on the 12th day of July, 1932, thus making him seventeen years and one day old on the 13th day of July, 1949, seventeen years and two days old on the 14th day of July, 1949, and seventeen years and three days old on the 15th day of July, 1949 — the dates of the commission of the alleged offenses.
 

 It is further to be noted that the defendant did not allege nor seek to prove in the court below, nor is his counsel claiming here, that he has any proof which will establish the age of the accused to have been under seventeen years at the time of the commission of the acts; but even if he were contending such is a fact, this court, being in criminal cases a court of appellate jurisdiction only, and the record being barren of any other evidence than the certificate referred to, is consequently bound by such evidence. However, if the defendant actually was not 17 years of age at the time of the commission of the alleged offenses and has proof to establish that fact, his remedy is to plead such in a petition for writ of habeas corpus, Arts. 116 and 137, La.Code of Criminal Procedure; Rice v. Olson, 324 U.S. 786, 65 S.Ct. 989, 89 L.Ed. 1367, and, if established, the sentences imposed would be nullified, since only the Juvenile Court would have jurisdiction. See Constitution of Louisiana, .Article VII, Sec. 52.
 

 For the reasons assigned, the judgments appealed from in the several above-numbered causes are affirmed.