231 So.2d 359

**STATE of Louisiana**

v.

**Linroy DAVIS.**

**No. 49800.**

Jan. 20, 1970.

John R. Simmons, Jr., New Orleans, for appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for appellee.

McCALEB, Justice.

■ Linroy Davis was charged with the unlawful killing of one James Dyer in violation of Article 31 of the Criminal Code. After counsel was appointed to represent him, he pleaded not guilty, was tried, found guilty as charged and sentenced to serve fifteen years in the Louisiana State Penitentiary. He thereafter filed a motion for appeal which was granted, defense counsel being allowed sixty days to submit his formal bills of exceptions for the judge's signature, and five days to notify the court reporter of the particular portions of the testimony he needed in order to prepare the bills. However, it appears that no formal bills were ever perfected and, hence, our review is restricted under Article 920 (2) of the Code of Criminal Procedure to errors patent on the face of the record.

We have examined the record which has been lodged in this Court consisting of the court minutes, the bill of information with the endorsements on the reverse side thereof and the list of possible verdicts and find no error therein.

■ On the day this case was called for argument, defense counsel, who is chief counsel of the Criminal Division of the Legal Aid Bureau for the Parish of Orleans, made an appearance but did not file a brief or attempt to argue the case. He informed us, however, that some of the exceptions taken during the trial were, in his opinion, well founded. His excuse for his failure to prepare and submit formal bills of exceptions within the sixty days allowed by the judge is that he did not have

time to do so, that his office is understaffed and, therefore, he is unable to handle the many appointments thrust on him (as counsel for indigents) by the judges of the Criminal District Court for Orleans Parish.

■ The statement of counsel is, of course, a concession that the indigent appellant herein has been denied an effective appeal. Nevertheless, this Court is unable to remedy the appellant's plight on the record before us. For, under Article 920 of the Code of Criminal Procedure, the scope of our appellate review is limited to a consideration of the formal bills of exceptions that have been submitted to and signed by the trial judge in accordance with Article 845 C.Cr.P. and, as above stated, to any error discoverable by a mere inspection of the pleadings and proceedings.

In State v. Hilaire, 216 La. 972, 45 So.2d 360 (1950), wherein defendant was contending that the State did not sustain the burden of proving he was over 17 years of age when the alleged crimes were committed, despite the per curiam of the judge showing that the age of defendant had been judicially determined before sentence was passed by a baptismal certificate contained in the record, we noted that the defendant did not allege or seek to prove his claim in the court below that he was a juvenile at the time of the commission of the offenses. The Court tersely stated:

" * * * but even if he were contending such is a fact, this court, being in criminal cases a court of appellate jurisdiction only, and the record being barren of any other evidence than the certificate referred to, is consequently bound by such evidence. However, if the defendant actually was not 17 years of age at the time of the commission of the alleged offenses and has proof to establish that fact, his remedy is to plead such in a petition for writ of habeas corpus, Arts. 116 and 137, La.Code of Criminal Procedure; Rice v. Olson, 324 U.S. 786, 65 S.Ct. 989, 89 L.Ed. 1367 * * *."

The same observations obtain here for, while it is clear that defendant has been denied an effective appeal in this case, we cannot on the record before us reverse his conviction. His remedy is by application for habeas corpus as provided by Article 362, Code of Criminal Procedure.

The conviction and sentence are affirmed.

SANDERS, J., concurs in the result.