440 So.2d 858 (1983)
STATE of Louisiana, Appellee,
v.
Malcolm L. WHORTON, Appellant.
No. 15611-KA.
Court of Appeal of Louisiana, Second Circuit.
October 24, 1983.
*859 J. Stacey Freeman, Bossier City, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, James L. Davis, Dist. Atty., Many, Abbott J. Reeves, Asst. Dist. Atty., Gretna, for appellee.
Before PRICE, HALL and SEXTON, JJ.
SEXTON, Judge.
The defendant, Malcolm L. Whorton, was convicted by a jury of Possession of Marijuana with Intent to Distribute. (LSA-R.S. 40:966). He was sentenced to five years confinement at hard labor and to pay a fine of $1500 plus costs. We affirm the conviction and sentence.
On May 21, 1982, a warrant was issued to search the residence and automobile used by "Michael Horton." The warrant was based on information provided by a confidential informant describing "Horton's" dealing in drugs and the defendant's promise to obtain marijuana to sell on May 21, 1982. Forty-one bags of marijuana were seized pursuant to this search, as well as a *860 pistol and various paraphernalia.[1] As a consequence, Malcolm L. Whorton was arrested on the charge of Possession of Marijuana with Intent to Distribute, and was convicted after trial by jury.
In pursuing this appeal, defendant asserts that the trial court erred in (1) overruling the motion to suppress, (2) failing to comply with the sentencing guidelines of LSA-C. Cr.P. Art. 894.1, and (3) in imposing an excessive sentence.
With respect to the motion to suppress, the defendant contends that the warrant inadequately describes the residence to be searched. The residence in question is described in the warrant as: "First house on left, being a white frame house with window trim blue in color located on the Mosely Road approximately 2 miles West of Kickapoo on LA-5. Mosely Road turns south off of LA-5. Home is occupied by Michael Horton and parents." It should be noted at this point that the search warrant and the affidavit in support thereof were not filed into evidence. The State offered and moved to introduce these items at the motion to suppress. However, immediately thereafter, the defense raised another issue and the admissibility of the warrant and affidavit were never ruled upon. The defendant made no objection to the State's offering.
At the suppression hearing the only evidence presented was the defense testimony from Mr. Jim McClure, an investigator for the Caddo Parish Indigent Defender Office. Mr. McClure testified he was unable to locate the Whorton house from the description in the warrant. While Mr. McClure and both counsel made regular reference to the description in the warrant, the description at issue is not detailed in any question by either counsel or in any answer by Mr. McClure. Furthermore, by "adding up" parts of the description given in various questions and answers, we are still not able to determine from the transcript the full description rendered in the warrant.
Where the State has obtained a warrant and the defense contends that the warrant is defective, the burden of proving same is on the defense. LSA-C.Cr.P. Art. 703(D). State v. Scramuzza, 408 So.2d 1316 (La.1982). In failing to provide the description which it contends was defective, the defense has failed in its burden and this assignment therefore lacks merit.
Of course, we have the authority under LSA-C.Cr.P. Art. 914.1(D) to designate additional portions of the transcript which may be necessary for a full and fair review of assignments of error. The article, however, does not give us the power to supplement the record with items which are not part of the transcript or otherwise introduced in evidence; and neither the warrant or the affidavit were introduced at the trial itself. Only that which is in the record may be reviewed on appeal in criminal cases. See State v. Oubichon, 422 So.2d 1140 (La.1982), where the Supreme Court did not consider an issue on appeal because the defendant failed to introduce any of the lower court proceedings. See also, State v. Augustine, 252 La. 983, 215 So.2d 634 (1968), and State v. Hilaire, 216 La. 972, 45 So.2d 360 (1950). Since neither the search warrant or affidavit were introduced at the trial itself, we are without authority to supplement the record in this respect.
This assignment therefore lacks merit.
However, since it can perhaps be argued that the State's action in offering the warrant and affidavit at the motion to suppress and the defense lack of objection thereto somehow operated to introduce the items in evidence even without a court ruling thereon, we have, in an abundance of caution, informally obtained a copy of the warrant in question. We determine that it *861 sufficiently describes the place to be searched with the requisite particularity. U.S. Constitution Amendment IV; Louisiana Constitution of 1974, Art. 1, § 5; LSA-C.Cr.P. Art. 162. The purpose of the description particularity requirement in a search warrant is to prevent a search of the wrong premises. State v. Cobbs, 350 So.2d 168 (La.1977). The test for sufficiency of the description is set out in Cobbs, at page 171 as follows:
"If the place to be searched is described in sufficient detail to enable the officers to locate it with reasonable certainty and with the reasonable probability that the police will not search the wrong premises, the description is sufficient."
Also, in State v. Petta, 354 So.2d 563 (La.1978), the Court stated:
"[A] description is sufficient when it reasonably enables the searching officers to ascertain and identify the place alone intended to be searched."
In this cause, while there is some confusion in the description, it is apparent that the residence to be searched was not mistaken. We therefore find no merit in appellant's first assignment, even if it can be said that the description complained of is properly before us.
Secondly, the defendant contends that the trial court erred in failing to follow the sentence guidelines of LSA-C.Cr.P. Art. 894.1. At sentencing, the trial court determined that the defendant would be likely to commit another crime if he were given a probated sentence, and that a lesser sentence would deprecate the seriousness of this offense. The Court stated the considerations upon which these conclusions were based. The primary factor related by the trial judge was the fact that a relatively large quantity of marijuana was found in the defendant's possession. Also of import is his determination was the fact that the defendant indicated to the probation officer conducting the pre-sentence investigation that he had been selling marijuana for at least a year previous to the present offense. Finally, the Court expressed its overriding concern with the serious detrimental effect of the instant offense on victims other than the defendant himself.
In reviewing the mitigating factors, the Court found that §§ 7-11 as listed in Paragraph B of LSA-C.Cr.P. Art. 894.1 were applicable to the present case, but that these factors were outweighed by the aggravating considerations present. The record of sentencing shows that the trial court adequately complied with LSA-C. Cr.P. Art. 894.1 by stating for the record the considerations taken into account and the factual basis therefor in imposing sentence. Moreover, the sentence was particularized to the offender and to the offense.
Finally, the defendant contends that his sentence of five years imprisonment at hard labor and the additional fine of $1500 plus costs is excessive, citing State v. Bing, 410 So.2d 227 (La.1982), and State v. Touchet, 372 So.2d 1184 (La.1979).
In both of these cases, the defendants had no history of criminal convictions. Touchet was a 19 year old first offender involved in the sale of marijuana for the price of $1.00. Bing's record prompted the probation officer who drafted his PSI report to recommend probation. In State v. Bing, the Court found the sentence was excessive because the trial judge did not weigh the mitigating factors in favor of the defendant. The Court stated as follows:
"In finding this sentence excessive, we specifically do not hold that four years at hard labor and a $3000 fine is, on its face, an excessive sentence for the possession of twenty-eight pounds of marijuana with the intent to distribute. We do find that the sentence is excessive on the facts of this case as we understand them." Bing, supra, at 229.
Both the cases cited by the defendant involved ad hoc determinations which cannot be applied generally to every case. Moreover, in State v. Trahan, 425 So.2d 1222 (La.1983), 7 years confinement at hard labor was found not to be excessive for possession of marijuana with intent to distribute, where the defendant had been on probation from a suspended sentence for *862 prior distribution of marijuana at the time of the offense.
Review of a sentence for excessiveness, similarly to the original determinations for imposing sentence, should be done on an individual basis, considering the factual circumstances of the instant offense and the personal background of the offender. In the instant case it is clear that the defendant was a well-established street level dealer of marijuana for profit, and had been such for at least a year. Considering this fact and the extent of his operation as evidenced by the amount of marijuana seized, we cannot say that a sentence of one-half of the maximum penalty allowed by law[2] is excessive.
For the reasons aforesaid, the conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] The warrant in question contemporaneously authorized the search of a certain vehicle. It is unclear from the record where the 41 bags were found. The minutes indicate that Exhibit S-8 was a black plastic bag containing 30 bags of marijuana, Exhibit S-8-A was a brown paper bag containing one bag of marijuana and Exhibit S-8-B was a brown paper bag containing ten bags of marijuana. The transcript of the evidence itself was not furnished due to the nature of the assignments of error.
[2] LSA-R.S. 40:966 establishes the maximum sentence for possession of marijuana with intent to distribute at not more than ten years at hard labor and the fine of not more than $15,000.